THE SARATOGA, etc.

*(Circuit Court, S. D. New York.   February 27, 1883.)*

1. PENALTY—PROCEEDINGS TO RECOVER—VIOLATION OF REVENUE LAW.
   Whenever a vessel, or the owner or master of a vessel, has become subject to a penalty for a violation of the revenue laws of the United States, such vessel shall be holden for the payment of such penalty, and may be seized and proceeded against summarily by libel to recover such penalty.
   Section 3088, Rev. St.

2. SAME—WHEN VESSEL NOT SUBJECT TO SEIZURE.
   The act of congress of February 8, 1881, provides that no vessel shall be subject to seizure or forfeiture as above by reason of the penalty incurred under section 2873, Rev. St., unless it shall appear that the master, at the time of the alleged illegal act, was a consenting party or privy thereto.

*Stewart L. Woodford,* U. S. Atty., for appellant.

*Goodrich, Deady & Platt,* for claimants and appellees.

WALLACE, J.   Upon the appeal to this court from the district court, the libel to which the claimants' exceptions were sustained in the court below has been amended so that it affirmatively concedes that the libeled vessel "was used by the owners thereof as a common carrier in the transaction of their business as such carrier, and that neither the owner nor the master was a consenting party or privy to the illegal act for which the penalty was incurred." This amendment relieves the case from any mere technical question, and the right to seize the vessel and proceed against it summarily by libel under section 3088, Rev. St., to recover a penalty incurred under section 2873, although it was a vessel used as a common carrier, and neither the owner nor master was a consenting party or privy to the act for which the penalty was incurred, is the broad question presented by the claimants' exceptions. The act of congress of February 8, 1881, declares explicitly that a vessel so used shall not be subject to seizure or forfeiture by force of the provisions of title 34 of the Revised Statutes, unless it shall appear that the owner or master, at the time of the alleged illegal act, was a consenting party or privy thereto; and section 2873 is one of the provisions of that title.

Fully concurring in the conclusion reached by the district judge, and deeming that nothing can be added to the convincing exposition which this act has received in the opinion delivered by him, his decision is adopted, and the exceptions are sustained by this court.