No other question requires the expression of consideration. The judgment should be affirmed.

All concur except FOLLETT, Ch. J., not sitting.

Judgment affirmed.

---

HANNAH P. VANDERBECK, Appellant, *v.* THE CITY OF ROCHESTER, Respondent.

A voluntary payment of an assessment, made under a mistake of law, but with full knowledge of the facts and not induced by any fraud or improper conduct on the part of the payee, cannot be recalled.

In an action to recover back the amount of an assessment upon land belonging to plaintiff's husband, paid by plaintiff to defendant's treasurer, on the ground of a subsequent abandonment of the improvement for the expense of which the assessment was made, it appeared that the assessment was made before the death of plaintiff's husband, who died intestate, and was valid when made; also, that the decedent's personal estate was inadequate to pay. Plaintiff had taken no steps looking to a sale of said land. Upon receipt of a notice that interest would be charged after a given date, she paid the amount of the assessment. *Held,* that she was not entitled to recover back the sum paid; that the assessment having been made before the intestate's death, it was payable out of his personal estate next after "debts entitled to a preference, under the laws of the United States" (2 R. S. 87, § 27); that plaintiff was under no legal obligation to pay, as her only interest in the land was that of dower, and that interest was not in jeopardy, and so, the payment was voluntary.

Reported below, 46 Hun, 87.

(Argued June 27, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order

made October 21, 1887, which affirmed a judgment in favor of defendant entered on the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*John A. Barhite* for appellant. A municipal corporation ·cannot levy assessments upon private property for contemplated improvements, collect the money and then refuse or neglect to return any consideration for the property taken from the pockets of the unfortunate land owner. (Laws of 1861, chap. 311; *Ludlow* v. *City of Oswego*, 25 Hun, 260; *McMannis* v. *Butler*, 51 Barb. 436.) The money paid by Mrs. Vanderbeck was a special or local assessment, and she had ·a legal right to demand a consideration in return. (*Litchfield* v. *Vernon*, 41 N. Y. 123, 133.) The municipal authorities had no right to discontinue or abandon the proceedings after the ·confirmation of the commissioner's report and the assessment-roll. (*People ex rel.* v. *Common Council*, 78 N. Y. 56.) The delay and failure of the city to complete the boulevard brings the case within the spirit, if not within the letter of article 1, section 6, of the Constitution of the state of New York, which declares that private property shall not be taken for public use without just compensation. (*In re D. C. Assn.*, 66 N. Y. ·569.) There has been a total failure of the consideration which the plaintiff and appellant had a right to expect would be received by her. The failure of this consideration gives her a right of recovery. (*Bradford* v. *City of Chicago*, 25 Ill. 411; *Chapman* v. *City of Brooklyn*, 40 N. Y. 372.) The ·order made at Special Term permitting the defendant to make and serve a supplemental answer, should not have been granted. (*Honeggar* v. *Wettstein*, 94 N. Y. 252, 261, 262; *H. F. Ins. Co.* v. *Tomlinson*, 58 id. 215.)

*Henry J. Sullivan* for respondent. None of the findings by the referee can be reversed upon any claim that they are against the weight of evidence, for the reason that the case does not state that it contains all the evidence. (*Porter* v.

*Smith,* 107 N. Y. 531; 35 Hun, 118; *Patterson* v. *Robinson,* 116 N. Y. 199; *Burger* v. *Burger,* 111 id. 530.) No error was committed in receiving in evidence the first ordinance and the postponements of action on the final ordinance. (Laws of 1861, chap. 143, § 199; Laws of 1870, chap. 718, § 10; Laws of 1876, chap. 37, § 8.) The order allowing the making and service of the supplemental answer is not reviewable by this court. (Code Civ. Pro. § 544; *Fleischman* v. *Bermett,* 79 N. Y. 579; *F. L. & T. Co.* v. *B., etc., T. Co.,* 109 id. 342.) The payments sought to be recovered back in these actions were voluntary ones, not coerced in any manner by duress of person, goods or otherwise, and the amounts thus paid cannot be recovered back. (*Breucher* v. *Vil. of Port Chester,* 101 N. Y. 240, 244; *Diefenthaler* v. *Mayor, etc.,* 111 id. 336; *Phelps* v. *Mayor, etc.,* 112 id. 222; *Jex* v. *Mayor, etc.,* 111 id. 342; *Forest* v. *Mayor, etc.,* 13 Abb. Pr. 350, 353; *Cutler* v. *Mayor, etc.,* 92 N. Y. 170.) The plaintiff's complaint was barred by the Statute of Limitations. (*Jex* v. *Mayor, etc.,* 103 N. Y. 536, 541; 111 id. 339, 342; *Diefenthaler* v. *Mayor, etc.,* Id. 331, 339; *Breucher* v. *Vil. of Port Chester,* 101 id. 240, 244; *Bradford* v. *Chicago,* 25 Ill. 414, 417.) The complaint was properly dismissed upon the merits. (Laws of 1861, chap. 143, § 175.) The present action for money had and received cannot be maintained, for the reason that no money remained in the defendant's possession belonging to her. (*Maxwell* v. *Longenecker,* 82 Ill. 308; *Fall* v. *Cairo,* 58 id. 403.) The general statute relating to highways (R. S. part 1, tit. I, art. 4, chap. 16, § 99) does not apply to streets laid out by commissioners under condemnation proceedings instituted by the city. (*In re Woolsey,* 95 N. Y. 135; *In re Lexington Avenue,* 29 Hun, 305; 92 N. Y. 629; *W. Cemetery* v. *P. P. & C. I. R. R. Co.,* 7 Hun, 655; *Indianapolis* v. *Croas,* 7 Ind. 9; *Cross* v. *Morristown,* 18 N. J. Eq. 305; *State* v. *Morristown,* 33 N. J. L. 57.)

PARKER, J. This action was brought to recover the sum of $468.72 paid to the treasurer of the city of Rochester. That

being the amount of an assessment, less the credit allowed thereon by way of damages for land taken, made upon real estate of plaintiff's husband in his life-time. When suit was instituted more than six years had elapsed since the payment of the assessment, but no steps had been taken to open and make available for public use the street which was the basis of the assessment. And the plaintiff alleges, as the foundation of her right of recovery, a failure on the part of the defendant to return any consideration for the money paid. But whether the law will permit a recovery against a municipality for moneys paid to it in obedience to a special assessment, in all respects valid when made, because of a subsequent abandonment of the proceedings, and hence a failure to afford the payor the special benefit constituting the consideration for the assessment, need not be considered at this time, for the payment made by the plaintiff must be regarded as voluntary, and she held to be without redress in any event. The assessment was made in March, 1877, and by its terms it became payable in three equal instalments, and on the following dates: May 20, 1877, February 20, 1878, and February 20, 1879. The owner of the lands died intestate March 12, 1878, leaving him surving a widow, this plaintiff, and two children. And the assessment having been made previous to his death, it was payable out of his personal estate next after the payment of debts entitled to a preference under the laws of the United States. (U. S. R. S. [7th ed.] 2298.)

It does not appear that the decedent's personal estate was not adequate for the purpose. If it were not, the plaintiff was under no obligation to pay it. The only interest she had in the lands was that of dower. And that interest was not in jeopardy because, first, no steps had been taken by the respondent looking to a sale of the lands and, second, as widow she was entitled to have her dower assigned to her unburdened with taxes and assessments payable out of her husband's estate. (*Harrison* v. *Peck*, 56 Barb. 251; *Taylor* v. *Bentley*, 3 Redf. 34; *Smith* v. *Cornell*, 19 J. & S. 354.) The plaintiff then having no interest in the premises which was menaced

by the assessment, upon the receipt of a notice that interest would be charged after a given date, voluntarily paid to the treasurer of defendant out of her own funds the amount of the assessment. This she did nearly two years after the assessment had been made and with full knowledge that nothing had been done towards opening and working the street. There was no mistake of fact and "a voluntary payment made under a mistake of law, but with full knowledge of the facts, and not induced by any fraud or improper conduct on the part of the payee cannot be recalled." (*Silliman* v. *Wing*, 7 Hill, 159; *Flynn* v. *Hurd*, 118 N. Y. 19.)

When a party would recover back taxes, which he did not pay under a mistake of fact, and which he is under no legal obligation to pay, the payment must be compulsory. (Dillon on Mun. Corp. § 946; *McCrickart* v. *City of Pittsburgh*, 88 Penn. St. 136; *N. Y. & H. R. R. Co.* v. *Marsh*, 12 N. Y. 308.)

The rule that money paid under a mistake of law cannot be recovered back has been frequently applied where the payment of an assessment, illegal and void on its face, has been made without coercion. (*Phelps* v. *Mayor, etc.*, 112 N. Y. 216.) The plaintiff was under no legal obligation to pay the assessment. No attempt was made to compel payment from her. It is neither claimed nor proven that her action was induced by a mistake of fact. She must, therefore, be held to have paid the assessment voluntarily, and consequently bound by the rule of law which prevents the recovery back of a voluntary payment.

The judgment should be affirmed.

All concur except BRADLEY, J., not sitting, and HAIGHT, J., not voting.

Judgment affirmed.