GIRLS' FRIENDLY SOCIETY OF DIOCESE OF NEW YORK, INC., Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, New York County, July 14, 1932.

*White & Case* [*Chester Bordeau* and *A. C. Newlin* of counsel], for the plaintiff.

*Arthur J. W. Hilly* [*Norman E. Gatens* of counsel], for the defendant.

UNTERMYER, J. The evidence satisfies me that the property involved in this suit has been and is now used by the plaintiff corporation exclusively for charitable and benevolent purposes within the meaning of section 4, subdivision 7, of the Tax Law, and is, therefore, exempt from taxation. (*Webster Apartments* v. *City of New York*, 118 Misc. 91; affd., 206 App. Div. 749; *Young Women's Christian Assn. of Brooklyn* v. *City of New York*, 137 Misc. 321; affd., 227 App. Div. 742; affd., 254 N. Y. 558; *Matter of Syracuse Y. M. C. A.*, 126 Misc. 431.) The circumstance that part of the sixth floor of the building was used to house certain of the maids employed in the operation of the premises does not affect the exclusiveness of the purposes for which the building was maintained by the corporation or deprive it of exemption from taxation. (*Board of Foreign Missions of M. E. Church* v. *Board of Assessors of City of Yonkers*, 244 N. Y. 42.)

In my opinion, however, the plaintiff is not entitled to recover taxes which were paid for the years 1922 to 1928, inclusive. The complaint does not allege that these taxes were paid under compulsion or protest, nor does it assert facts which would show that duress or coercion was exercised by the defendant. On the contrary, the parties have stipulated that the plaintiff " never instituted any certiorari proceedings or took any proceedings whatever with respect to said assessments and taxes prior to March 23, 1929, on or about which date an application was made by plaintiff to the Board of Taxes and Assessments of the City of New York to exempt said property from taxation." No claim is made that the payments by the plaintiff were induced by any mistake of fact. Objection was not made against the tax, nor was protest made in relation to the payment. Indeed, the evidence satisfies me that the plaintiff paid the taxes without any thought of ever demanding reimbursement. Under the circumstances, the plaintiff must be deemed to have paid the taxes voluntarily, and is subject to the rule of law which prevents the recovery of voluntary payments. (*Vanderbeck* v. *City of Rochester*, 122 N. Y. 285; *Matter of Village of Delhi*, 201 id. 408; *Tripler* v. *City of New York*, 125 id. 617; *Redmond* v. *City of New York*, Id. 632; *Phelps* v. *Mayor, etc., of New York*, 112 id. 216; *Adrico Realty Corp.* v. *City of New York*, 250 id. 29, 44.)

Plaintiff is accordingly entitled to judgment adjudging that the taxes assessed for the years 1929 and 1930 be canceled of record. The plaintiff's prayer for judgment for the taxes paid for the years 1922 to 1928, inclusive, is denied. Settle findings and judgment on notice.