LANCASHIRE SHIPPING CO., Limited, v.
ELTING, Collector of Customs.

No. 397.

Circuit Court of Appeals, Second Circuit.
April 30, 1934.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, of counsel), for appellant.

Martin Conboy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

In January, 1931, the vessel Raby Castle arrived at New York with a Chinese crew. After investigation by the immigration inspector, a notice was served on the master of the vessel to detain on board the twenty-eight Chinese members of the crew and to deport them on the ground that they had not established that they had no intention to abandon their calling as seamen. On March 11, 1931, while the vessel was in port in Brooklyn, representatives of the immigration authorities summoned members of the municipal police force and ordered the arrest of certain members of the crew. These Chinese were later indicted on the charge that they had arranged with four shore Chinese to board the vessel and impersonate four members of the crew and that by this means a landing of members of the crew was effected. They were convicted and sentenced to short terms of imprisonment.

On April 4, 1931, the Labor Department served upon the Barber Steamship Lines, Inc., the ship's agent, a notice of liability for fine under. the United States immigration laws, stating as a basis for the proposed fines an alleged failure to detain on board and deport the Chinese persons. The notice was addressed to "Barber Line, Agents of the Vessel Raby Castle, March 12, 1931, 17 Battery Pl., N. Y. C." It stated that the fines should be imposed, under sections 19 and 20 of the Act of May 26, 1924 (8 USCA §§ 166, 167).

On May 21, 1931, the Barber Steamship Lines, Inc., through their attorneys, filed a protest against the imposition of the proposed fines. The case came before the Board of Review on August 15, 1931, and fines were imposed as to five aliens. The Commissioner General of Immigration wrote a letter to the Commissioner of Immigration at Ellis Island stating that the Department of Labor had directed that the fines be imposed. On September 15, 1931, the vessel was at the port of New York and about to sail. Clearance was refused her unless the fines were paid. The Barber Steamship Lines, Inc., deposited the moneys and paid the fines under protest to secure the release of the vessel. This sum was advanced by the agent for the account of the appellant.

The detention order was served only on the master of the vessel, not on the Barber Steamship Lines, Inc. The notice of liability for fine was served on the ship's agent only and was directed to the ship's agent alone. On March 18, 1932, formal application was made to the Secretary of Labor by the attorneys for the Barber Steamship Lines, Inc., requesting that the proceedings be reopened and that it be allowed to resubmit the testimony of the master and others. This was refused. The supplemental complaint served pleads that the Secretary's refusal was an arbitrary and capricious action. In the protest it was erroneously stated that the notice of detention had been served upon the agent, the Barber Steamship Lines, Inc.

The court below held that the agent's subsequent conduct was a ratification of the authority to accept the notice of detention on behalf of the agent, and therefore the Barber Steamship Lines, Inc., was estopped to deny its own allegations and the fines imposed were therefore valid. In the proceedings before the Board it was not clearly indicated against whom the fines were assessed, but it is clear that the protest was treated as a protest by the Barber Steamship Lines, Inc., and not the owner. The notice, however, clearly shows that it was directed to the Barber Steamship Lines, Inc., as agent of the vessel Raby Castle. The notice states:

"If you desire a hearing as to whether a fine should be imposed in this instance, you will be allowed 60 days from the date of this notice for that purpose, and the vessel on which the said alien arrived will be granted clearance papers when she is ready to sail and allowed to proceed upon her outward-bound voyage upon condition that you deposit with the collector of customs at this port, prior thereto, the sum indicated below as security for the payment of the said fine, should it be imposed."

The action of the Commissioner is subject to judicial review to the extent of determining whether his official action was within his statutory authority. Lloyd Sabaudo Societa v. Elting, 287 U. S. 329, 53 S. Ct. 167, 77 L. Ed. 341. See Mahler v. Eby, 264 U. S. 32, 44 S. Ct. 283, 68 L. Ed. 549. To impose the fines, it is essential to show that the detention notice and the notice of hearing was served upon the agent. United States v. Columbus Marine Corp. (C. C. A.) 62 F.(2d) 795; United States v. J. H. Winchester & Co. (C. C. A.) 40 F.(2d) 472. Under the facts presented, neither the master nor the agent was in law subject to these fines. The appellee argues that it is not unfair to assess the fines since the Secretary of Labor had before him the admission by the agent that the detention notice was served on it. In order to lawfully impose a fine, it must appear that the party required to detain the seamen has been served with a detention order and that notice has been given him of the government's intention to assess a fine; thus there may be opportunity to be heard. Since the detention order was served on the ship's master and the notice of liability directed to the agent only, the necessary conditions for a lawful fine were not met. To bind the owner, intention to assess the fine must be plainly directed to him. The owner must be advised that he is the one who is required to pay.

The agent was not liable because it was not served with the detention order. United States v. Winchester Co., supra. The notice of liability was served on the agent of the appellant, and the protest was filed by this agent, but it does not appear that the agent filed the protest under instructions from the appellant. The appellant never participated in the hearing. It was the agent who participated in those proceedings. Even though the appellant knew that notice of liability had been served upon the agent, that knowledge did not make it a party to the proceeding, for there was nothing in the notice to indicate an intention to assess fines against the appellant.

The statute, section 20 of the 1924 Act (8 USCA § 167), authorized the imposition of a fine on "the owner, charterer, agent, consignee, or master of any vessel arriving in the United States * * * who fails to detain on board any alien seaman employed on such vessel until the immigration officer in charge at the port of arrival has inspected such seaman * * * or who fails to detain such seaman on board after such inspection or to deport such seaman if required by such immigration officer or the Secretary of Labor to do so."

The agent's filing of a protest was not a ratification of the master's authority to accept the detention notice on its behalf. The master was not the representative of the agent and in accepting service of the detention order, he may not be assumed to have acted for it. The master is a party under the statute made liable for his violation. He must be regarded as acting in his individual capacity in taking the order.

Nor is the agent estopped to deny the allegation, in its protest, that the detention order had been served upon it. The appellee admitted that nothing in the record showed that the notice to detain had ever been served on the Barber Steamship Lines, Inc. There is no estoppel against the agent; the Secretary of Labor must be charged with knowledge of the record of his department, for he could easily have ascertained upon whom the order of detention and notice of hearing had been served. No estoppel can arise where the facts are known to both parties and where information as to them is available to both. Oklahoma v. Texas, 268 U. S. 252, 45 S. Ct. 497, 69 L. Ed. 937; Brant v. Virginia Coal & Iron Co., 93 U. S. 326, 23 L. Ed. 927; Commercial Investment Trust v. Bay City Bank, 62 F.(2d) 735 (C. C. A. 6).

The record shows that the Secretary of Labor failed to carry out the requirements precedent to the imposition of fines.

Judgment reversed.