OCEANIC STEAM NAV. CO., Limited, v. ELTING, Collector of Customs of the Port of New York.

No. 27.

Circuit Court of Appeals, Second Circuit.

Nov. 2, 1936.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Delbert M. Tibbetts, of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (George B. Schoonmaker, Sp. Asst. to U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

This action is brought for the recovery of fines imposed by the Secretary of Labor, under section 9 of the Act of 1917, as amended by section 26 of the 1924 Immigration Act (8 U.S.C.A. § 145). This appeal seeks a review of the merits of the first, third, and fourth causes of action. Each fine was imposed because appellant brought into the United States an alien affected with a loathsome, dangerous, and contagious disease, and the Secretary of Labor was satisfied that the existence of such disease might have been detected by competent medical examination at the point of foreign embarkation. Each alien upon arrival was ordered excluded by the Board of Special Inquiry but received hospital treatment by the Secretary of Labor and was later admitted to the United States.

The first cause of action involved the wife of a naturalized citizen coming to this country to join her husband. She arrived September 28, 1927, and was certified to be afflicted with favus of the nails of the left hand. November 22, 1927, she was found cured and admitted. After a notice of intention to impose the fine was served, the attorney for the appellant wrote a letter to the Secretary of Labor, on January 19, 1929, stating that, in so far as the penalty was concerned, "in view of the controlling weight given by the department to the medical certificates of the public health surgeons, a waiver is hereby made concerning such penalty." He requested only a return of the passage money which was refunded. A fine of $1,000 was imposed.

The subject of the third cause of action was a minor child of a naturalized citizen coming to this country to join his father. He arrived January 25, 1927, and was certified by the public health certificates to be afflicted with gonococcus infection of the urethra. After hospital treatment he was pronounced cured and admitted March 9, 1927. The notice of intention to impose the fine was served, and on April 14, 1927, appellant wrote the Commissioner of Immigration saying, among other things, "We waive the submission of a defense as to the fine itself," and claimed the passage money, asking that this be refunded, and this was done.

The subject of the fourth cause of action was a seven year old child of a resident of the United States who had declared his intention to become a citizen. She was coming to the United States with her mother to join her father. Arriving June 19, 1929, she was certified by the public health physicians to be afflicted with ringworm of the scalp; after hospital treatment she was found to be cured. After notice of intention to impose a fine, the appellant, on August 28, 1929, wrote a letter to the Commissioner of Immigration stating, "We hereby waive the submission of a defense to the penalty of $1,000," and asked for and later received a refund of the passage money.

 The question presented is whether the evidence showed an involuntary payment of the fines. It was incumbent upon appellant to establish this. It endeavored to show by a passenger traffic manager that it had been so unsuccessful in submitting protests against fines in similar cases, that it saw no advantage from continuing to do so. But it advanced no proof as to the adequacy of the protests which had been unsuccessful.

A theory of coercion advanced is that the fines were paid in order to obtain clearance for its vessels. But there is no showing of coercion or force or that the vessels involved were in a port of the United States at the time of payment or that they were about to enter one of those ports. Moreover, there was no protest at the time of payment and there was an explicit waiver of rights to the amounts paid as fines when the requests for return of the passage money were made. Payment under these circumstances and in the absence of evidence of coercion, improper influence, or duress, is voluntary. United States v. N. Y. & Cuba Mail S. S. Co., 200 U.S. 488, 26 S.Ct. 327, 50 L.Ed. 569; Union P. R. Co. v. Com'rs of Dodge County, 98 U.S. 541, 25 L.Ed. 196; Vanderbeck v. City of Rochester, 122 N.Y. 285, 288, 25 N.E. 408.

The fact that the appellant may have been unsuccessful in other protests submitted prior to 1927, in connection with fines imposed for bringing diseased aliens into the country, was no justification for filing waivers in these instances if the appellant felt that it had a just cause and a substantial defense.

Our conclusion under the circumstances that payments are not recoverable is not affected by the fact that relief is sometimes given for voluntary payment under a mistake of law (Bull v. U. S., 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421), or that by statute the requirement of protest may be eliminated. Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265. St. Louis B. & M. R. Co. v. United States, 268 U.S. 169, 45 S.Ct. 472, 69 L.Ed. 899, indicates that, aside from any statute, the mere acceptance without protest of smaller sums for services than were specifically due from the government does not establish acquiescence in the absence of waiver or the like. Similarly, cases involving the payment of illegal fees are not controlling. Recovery is there allowed because of the evident compulsion where there is haste to obtain some permit, license or property. Ogden v. Maxwell (C.C.S.D.N.Y.), Fed. Cas. 10,458, 3 Blatchf. 319.

The combined factors of waiver, failure to protest, and absence of compulsion are present here. Recovery was properly disallowed.

Judgment affirmed.