## ATLANTIC TRANSPORT CO. v. DURNING, Collector of Customs.

District Court, S. D. New York.
Dec. 20, 1937.

John M. Lyons, of New York City (Roger O'Donnell, of Washington, D. C., of counsel), for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for defendant.

BYERS, District Judge.

This is an action at law in which the plaintiff as charterer of the steamship Pennsylvania seeks to recover the sum of $1,000.00 which it paid to the Collector of Customs of the Port of New York in July of 1934 in order to obtain clearance of that vessel.

The facts have been stipulated and the cause was tried before a jury of one. The following, taken from the stipulation, can serve as findings of fact:

"1. The plaintiff is a corporation duly organized and existing under the laws of the State of West Virginia and has a place of business at 1 Broadway, New York, N. Y.

"2. The plaintiff at all the times mentioned in the amended complaint was the charterer of the S. S. Pennsylvania.

"3. When the S. S. Pennsylvania arrived at the Port of New York on or about April 8, 1934, an alien named Wilfred Pullen was a member of the crew of the vessel.

"4. Upon the arrival of the said vessel at the Port of New York an order to detain on board the said alien seaman was served on the agent and consignee of the vessel under the provisions of Section 20 of the 1924 Immigration Act.

"5. The said agent and consignee failed to carry out the said order.

"6. Thereafter the Secretary of Labor duly imposed a fine of $1,000.00 on the agent and consignee of the vessel because of the failure to detain the said seaman on board as ordered.

"7. No order to detain the said seaman was served on the plaintiff; the Secretary of Labor did not attempt to impose a fine on the plaintiff; and no fine was imposed on the plaintiff.

"8. Upon a subsequent arrival of the said vessel at the Port of New York in July, 1934, the said fine of $1,000 not having been paid, the defendant, the Collector of Customs at the Port of New York, refused clearance to the said vessel.

"9. The plaintiff, in order to obtain clearance for the vessel, paid under protest to the defendant on July 31, 1934, the amount of the fine, namely, $1,000.

"10. No part of the said sum of $1,000 has been repaid to the plaintiff, although demand for the repayment was made by the institution of this action."

It will be seen that the detention order was served on the agent and consignee but not upon the charterer; consequently the failure to detain within the requirements of section 20(a–c) of the Immigration Act of 1924, title 8 U.S.C. § 167, 8 U.S.C.A. § 167, was on the part of the agent and consignee and not the charterer.

When the case was heard, counsel for the plaintiff stated: "The detention notice under which he (the alien seaman) was supposed to have been held was issued by the immigration officer on board the ship and was served upon the master and upon a landing agent of the agent, that is, on the passenger agent of the company. Subsequently the passenger agents filed a protest or defense with the Secretary of Labor in response to a situation to show cause why a fine of $1000 should not be imposed under a statute * * *. That notice by some accident that I am not acquainted with was served on the Roosevelt Steamship Company, which had nothing to do with the operation of chartering or anything else connected with the vessel. However, it reached the passenger agents and they submitted that protest or defense to the Secretary of Labor. The protest was overruled and an instruction was sent to the Collector of Customs of New York, who is the defendant in this case, to collect the fine."

When next the ship was in port, clearance was refused except upon the payment of said $1,000.00.

In response to a question by the court, counsel for the government said: "No, no fine was ever imposed on the charterer. We could not proceed to sue the charterer in debt to collect the penalty. The only one we could have sued in debt to collect the penalty, if we took judicial action, was the agent; * * *."

The brief proceedings in court resulted in a motion by both sides for a directed verdict.

Since the cause was submitted, I have had the benefit of Judge Goddard's opinion, dated November 29, 1937, in the case of Lancashire Shipping Company, Ltd., v. Harry M. Durning, Collector of Customs, Port of New York, D.C., 21 F.Supp. 588, L 66-223.

In that case, a notice to detain was served upon the master of the Raby Castle; then a notice of fine and hearing was served but only upon the ship's agent; thereafter a fine upon the latter was imposed, which was held to be void, since no detention notice had first been served on the agent. See Lancashire Shipping Co., Ltd., v. Elting, 2 Cir., 70 F.2d 699.

On a later occasion when the same vessel was again in the Port of New York, a notice of fine was served upon the master because of his failure to comply with the first detention notice; the ship having been refused clearance, security for the fine was deposited, for the return of which the suit was brought.

The opinion deals with the constitutionality of the administrative process of collecting the fine by the simple expedient of refusing clearance to the vessel, and the decision was in favor of constitutionality; it was held that the secondary liability of the vessel, based upon the master's failure to detain, and the consequent fine levied against him pursuant to notice, was not to be avoided on the theory of the absence of due process.

The opinion distinguishes the facts involved from those in Compagnie Generale Transatlantique v. Elting, 298 U.S. 217, 56 S.Ct. 770, 80 L.Ed. 1151, because in the

latter "no valid fine had been imposed against any one."

It is proper to ascertain whether that distinction equally applies here.

The stipulation and the quoted statement of counsel indicate that the detention notice was served upon the master, and *upon the agent and consignee of the vessel,* although the stipulation refers to the failure of the latter only to comply therewith.

The instant fine is stipulated to have been "duly imposed * * * *on the agent and consignee"* because of the failure to detain.

In the Compagnie Generale Case, supra, it appeared that on the arrival of the Ile De France with two aliens in her crew, the immigration inspector made an examination and directed the master to detain them, but they escaped (as did the alien in this case).

There the detention notice was in writing addressed to the owner, agent, consignee, master or officer in charge but was not served on the owner, nor made known to it prior to the escape.

The latter event was reported and then the immigration officer served on the *agent* of the ship a notice that a fine was about to be imposed for the failure to detain. The decision was, that the fine had not been lawfully imposed, since it was not the result of non-compliance with the detention notice, on the part of the *owner;* that service of that notice upon the master was not service upon the owner, and that the latter could not lawfully be fined for failing to do something which had not been initially required of it.

In this case, the original notice to detain, according to the stipulation, was given to the agent and consignee, and after failure to comply, a notice of fine and hearing was given to the agent and consignee. These facts demonstrate, and the stipulation so records, that the fine was duly, i. e., legally, imposed upon those who had failed to comply with the detention notice.

It follows therefore that the same distinction is present in this case, when compared with the Compagnie Generale Transatlantique, as was pointed out in the Lancashire Shipping Co. Case, L 66-223.

Since the fine was validly imposed, deference to the prior decision of Judge Goddard requires a disposition of this cause *in favor of the defendant.* However drastic the remedy may seem to be of exacting the fine as the price of clearance papers,

there is no reason to suppose that this charter was entered into in ignorance of the provisions of the statute to which reference has been made, nor does it appear that this charterer is without remedy against the agent and consignee, for having paid this fine.

It is not perceived how a charterer can occupy any more favorable position under this statute than the owner, in respect of the matters here involved.

Verdict directed for the defendant.