## BANK LINE, Limited, v. UNITED STATES.
### No. 260.

Circuit Court of Appeals, Second Circuit.
April 4, 1938.

53

Lamar Hardy, U. S. Atty., of New York City (Charles J. Nager, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Delbert M. Tibbetts, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a judgment for the plaintiff in an action brought under the Tucker Act, 28 U.S.C.A. § 41(20), to recov-

er a fine unlawfully imposed for allowing the escape of an alien seaman. The facts are as follows. While the steamer "Trentbank", of which the plaintiff was the owner, was in Philadelphia on December 16, 1929, the immigration officer in charge at that port served notice upon the master to detain a Chinese seaman during her stay at all United States ports where she might thereafter touch. At Baltimore, the vessel's next port of call, the seaman deserted; and on December 30th, when the ship was about to clear from Newport News, her clearance papers were refused. To secure her release the master, as principal, and a surety company, as surety, posted a bond on the same day with the collector, conditioned on the payment of all fines which the Secretary of Labor should find to be due, the principal to have the privilege of making payment under protest without prejudice to his right of recovery. The immigration authorities never gave to the master the notice required by Immigration rule 23, subd. B, of their intention to impose a fine upon him; but on December 20th—presumably before the bond was posted—the district director served notice upon the owner's agents at Norfolk, requiring them within sixty days to submit any defence they might have against the imposition, under section 20(a) of the Act of 1924, 8 U.S.C.A. § 167(a), of a fine of $1000. On February third the attorneys for the owner wrote to the Commissioner of Immigration requesting a remission of the fine, and giving their reasons for this relief; this letter was accompanied by an affidavit of the master giving his own excuses for the escape. The Secretary imposed the fine on February 28th, and gave notice of its imposition, and demanded payment, on March 28th in a letter to the master, copies of which were sent to the surety and the owner's agents. On May 8th the owner's attorneys under protest paid the fine, "pursuant to the terms of the bond". On April 9, 1936, a demand was made upon the Treasury for a refund and this suit followed. The judge granted judgment because the liability upon the master had never been followed by a notice to him of intention to impose the fine.

No fine could have been collected from the owner, or the agents, because a notice to detain had been served only upon the master. Compagnie Generale Transatlantique v. Elting, 298 U.S. 217, 56 S.Ct. 770, 80 L.Ed. 1151; United States v. J. H. Winchester & Co., 2 Cir., 40 F.2d 472;

**54**

United States v. Columbus Marine Corporation, 2 Cir., 62 F.2d 795; Lancashire Shipping Co. v. Elting, 2 Cir., 70 F.2d 699. Again, no fine could have been levied upon the master, because he was not given the notice required by rule 23, subd. B, with opportunity to defend under subdivision C. United States v. Columbus Marine Corporation, supra, 62 F.2d 795. The collector would also have failed for the same reason, if he had sued on the bond; no fine had been validly "found by the Secretary of Labor to be due", which was its condition. Nevertheless, the escape created a liability, regardless of the procedural omissions which prevented a default upon it from being a breach of condition of the bond; and perhaps from ripening into a valid cause of action. Had the master, being under that liability, paid the amount of the fine, he could not have recovered it; it was due from him and the action, being for money had and received, would have lain only in case he were entitled to it in equity. There would have been no equity in such a claim. Therefore, so far as the plaintiff is to be treated as paying the master's fine in the master's stead, it too should not recover; the fact that the liability had not been converted into a fine would be irrelevant. Probably the plaintiff did not intend to pay the master's fine; it had been personally charged— or at least its agents had—and it was presumably concerned with the liability so asserted, a liability which did not exist. If the matter were res integra, we think it should not recover for the following reasons. Section 20(a) of the Act of 1924, 8 U.S.C.A. § 167(a), does not set any time limit upon the imposition of the fine; nor does rule 23, subd. B, except that it requires the notice to be served promptly. If, when this action was brought, the time had not yet expired within which the district director, or some other proper officer, might have served notice on the master and perfected his liability, then the bond could still be sued. Durning v. McDonnell, 2 Cir., 86 F.2d 91. Should the plaintiff now recover, and the bond be later collected, the loss would therefore fall upon the master or the surety. Although we do not know that the plaintiff was bound over to indemnify the master in case he paid the fine, there is a presumption that he did not procure the bond on his own behalf, for it was a part of the ship's business. On this record should the master pay, he would therefore have a remedy over against the owner, and the

result of a judgment for the plaintiff here would be a circuity of action. All this equally applies to a payment by the surety. If on the other hand it is to be understood that the time had expired within which the fine might be imposed against the master, and that the bond had therefore been discharged, that was the result of the plaintiff's inaction for nearly six years, during which the Secretary did not, and probably could not, assert his rights. In such circumstances a recovery would be inequitable. On either of the two foregoing hypotheses this action should therefore not succeed.

█ █ This, as we have said, seems to us the proper result on the merits if the case were res integra, but in Compagnie Generale Transatlantique v. Elting, supra, 298 U.S. 217, 56 S.Ct. 770, 80 L.Ed. 1151, and Lancashire Shipping Co. v. Elting, supra, 70 F.2d 699, the owner was allowed to recover deposits made to clear his ship, because the master's liability for an escape had not been converted into a valid fine. It is true that in neither case was the question raised that such a recovery would be inequitable, but, so far as we can see, that is true as well in the case of a deposit as of a bond, and we should hesitate to disregard a holding of the Supreme Court, because the point had not been raised. However, there is this difference between a deposit and a bond; that the owner is forced to make the deposit to clear his ship, and therefore acts under duress; while a bond is merely a promise to pay and in an action upon it the obligor can raise the invalidity of the fine. Assuming therefore, as we do, that the plaintiff was responsible over either to the surety, or the master, or to both—which is the only theory upon which it was not merely a volunteer—we cannot see why it was compelled to pay the fine, or why it should not have defended any action on the bond. Oceanic Steam Navigation Co. v. Elting, 2 Cir., 86 F.2d 110, 111; Marshall v. Redfield, Fed.Cas.No.9,131, 4 Blatch. 221; Restatement of Restitution, § 71. It is true that the bond provided that the principal should have the privilege of making payments under protest, and recovering them by proper proceedings thereafter; but the plaintiff cannot avail itself of this. To do so would be to stand in the shoes of the master, and the master, as we have said, could not recover.

Judgment reversed; complaint dismissed.