**DEPPE et al. v. LUFKIN, Collector of Customs.**

**No. 5313.**

District Court, D. Massachusetts.

Jan. 23, 1940.

Joseph H. Choate, 3rd, Bingham, Dana & Gould (Burnham, Bingham, Gould & Murphy) of Boston, Mass., and Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for plaintiff.

Edmund J. Brandon, U. S. Atty., and Edward O. Gourdin, Asst. U. S. Atty., both of Boston, Mass., for defendants.

McLELLAN, District Judge.

This action of contract was begun in 1932. The original plaintiff, Armement Deppe, a Belgian corporation, was the owner of the S. S. Louvain, which in August, 1926, came into the port of Boston. By amendment, Furness, Withy & Co., Ltd., agent of the original plaintiff, was added as party plaintiff. The original defendant, who was Collector of Customs, died in 1934 and later the executrix of his estate was substituted as defendant. Though there are now two plaintiffs, Armement Deppe, the owner of the vessel, and Furness, Withy & Co., Ltd., agent for the owner, the parties have stipulated that "if the action can be maintained by either of the parties plaintiff, the second plaintiff * * * is the proper plaintiff."

■ Accordingly, the first four counts of the declaration, which relate to the owner, may be disregarded. The fifth count relates to the plaintiff Furness, Withy & Co., Ltd., a British corporation having a usual place of business in Boston, and agent for the S. S. Louvain, which as heretofore stated was owned by the other plaintiff. This fifth count alleges in substance and I find that in 1926, the Belgian Steamship Louvain arrived in Boston from Antwerp and that upon examination by an Immigration Inspector, eleven of the crew were found by him not to be bona fide seamen, and the master was ordered to detain these men on board. Four of them having escaped, fines aggregating $4,000 were imposed upon Furness, Withy & Co., Ltd., as agent of the vessel. It is alleged that these fines were imposed improperly upon the plaintiff since it had not been served with notice to detain the men. It is the fact that such a notice addressed to the "owner, agent, consignee, master or officer in charge" of the vessel was served only upon the master. Though the persons involved did not then know it, this, as I shall conclude in its proper place, was fatal to the validity of the fine imposed upon the plaintiff. The declaration goes on to state that the "fines were paid by Furness, Withy & Co., Ltd., under protest and by reason of duress" and it is the equivalent of these fines which this plaintiff (hereafter called the plaintiff) seeks to recover. The case was tried on January 3, 1940, upon a "statement of facts agreed upon" which are incorporated herein by reference as a portion of these findings of fact, and upon certain records of the Department of Labor or of the office of the Collector of Customs.

■ It can serve no useful purpose to state at length the contents of the "Statement of Facts Agreed upon." Such statement discloses, as heretofore found, that while notice to detain these men was addressed among others to the owner, agent and master of the ship, it was served only on the master. Thereafter, four of the men escaped and the Acting Commission of Immigration sent the plaintiff as agent for the vessel a notice of liability for fine for failure to detain them and offering the plaintiff an opportunity for a hearing "as to whether" fines "should be imposed." At this time the vessel was in the port of Boston and desirous of obtaining clearance in order to sail therefrom and there was on file with the Collector of Customs a $50,000 bond in which H. L. Porter was the principal obligor, the American Surety Company the surety, and the United States of America was the obligee, reciting that certain vessels assigned to the above principal "are expected to enter at and clear from the port of Boston" and, as the parties have agreed, conditioned to pay, among other things, "all immigration fines." An inspection of a copy of this bond which was adduced in evidence shows that the instrument was under seal and that the representative capacity of H. L. Porter the principal obligor is not there disclosed. He was, however, in fact the plaintiff's manager. It is also agreed and I find that "as a condition to permitting the vessel to clear port, the defendant Collector of Customs made a charge against this bond to secure the $4,000 of fines. After this charge was made, the vessel was given clearance and sailed." Thereafter, according to the "Statement of Facts Agreed upon", the plaintiff wrote the Secretary of the Treasury, requesting that the fines be not imposed and gave in substance as its reason that compliance with the notice of detention was impracticable. (The statute makes detention necessary irrespective of due care.) The reply of the Secretary of the Treasury, dated September 20, 1926, and addressed to the Commissioner of Immigration in Boston, recommended that the "penalty * * * be imposed." An examination of the files of the U. S. Department of Labor indicates that the fines were imposed in October, 1926, and I so find. See Pink Record and Schedule of "Immigration Fines." While the foregoing shows that the plaintiff protested against the imposition of the fines, upon the untenable ground that the escapes were unavoidable, I am unable to treat this evidence as requiring a finding that the plaintiff paid the fines under protest.

■ Thereafter, demand for payment was made on the plaintiff "by the Collector of Customs and the fine was paid" by the plaintiff. "At the time of the payment, the bond above referred to was still on file and still charged with the fine. The $4,000 was thereafter covered into the Treasury of the United States." If the expression that the bond was "still charged with the fine" means anything more than that a book entry was made somewhere to that effect, the evidence does not disclose it and the burden of proof is upon the plaintiff to show that anything more than this was done.

Basing my conclusions of fact upon the agreed facts and the immigration record, if any further question of fact, as opposed to a conclusion of law is here involved, I find that the plaintiff's payment of the fines was not the result of duress and that it was not made under protest.

Perhaps I should add that no claim was made that the fines were paid under a mistake of fact and that there was no mistake of fact. If there was any mistake, it was one of law, and no such mistake is urged as a ground for recovery.

■ In accordance with the plaintiff's requests numbered respectively 1 and 2, I rule that upon the agreed facts there was no basis for imposing fines aggregating Four Thousand Dollars ($4,000) on Furness, Withy & Co., Ltd., the agent, or on Armement Deppe, the ship-owner.

I may add that the reason on which this ruling is based is that the notice to detain the seamen, though addressed to the agent and owner among others, was not served upon either of them. See Compagnie Generale Transatlantique v. Elting, Collector of Customs, 298 U.S. 217, 56 S.Ct. 770, 80 L.Ed. 1151, decided in 1936 long after the controversy in the case at bar arose.

■ The plaintiff's request numbered 3 that the payment of the fines "constituted as a matter of law, payment under duress, which may be recovered," is denied. Upon the agreed facts incorporated into the foregoing findings of fact and upon other facts established by the evidence it appears that the plaintiff sought to avoid the imposition of fines upon a ground which was not tenable. But the payment of the fines was voluntary. It is needless to discuss whether the payment was so clearly voluntary that a formal protest would have been insufficient to permit treating it as involuntary.[1] As heretofore found, there was no such protest, formal or informal.

The plaintiff's request numbered 4 is that, "as a matter of law, the charging of the existing term bond to secure clearance of the vessel otherwise detained rendered the payment of the fines secured by the bond a payment under duress of the statute."

■ The statute, U.S.Code, Title 8, Section 167(a), 8 U.S.C.A. § 167(a), to which this request refers provides, so far as here material, that an owner, agent or master of a vessel is liable to a fine for failure to detain a seaman on board after notice so to do. The statute also provides for refusing clearance to a vessel pending the determination of liability to the payment of a fine or while the fine remains unpaid "except that clearance may be granted prior to the determination of such question upon the deposit of a sum sufficient to cover such fine, or of a bond with sufficient surety to secure the payment thereof approved by the collector of customs." The $50,000 bond on file stood as security for, among other things, the payment of fines contemplated by the statute and, as heretofore found, the bond was charged with $4,000 and the vessel cleared. No duress was involved in taking or approving the bond. But it is urged that "charging" the bond constituted duress. If such "charging" means anything more than a book entry or memorandum on the bond or elsewhere the burden of showing it, as heretofore found, has not been sustained. Upon this subject there is no evidence. And the bond was not charged to or against the plaintiff. The instrument was under seal and within its four corners the plaintiff is not mentioned by name or description. It could not even have been sued successfully upon it. It would be going far beyond any authorities I remember having seen to say that under the circumstances the "charging" of the bond and permitting the charge to stand until the plaintiff paid the $4,000 which it seeks here to recover, as a matter of law constitutes duress giving rise to a cause of action or a right of rescission. Accordingly, the plaintiff's fourth request is denied.

■ The plaintiff's fifth request, if granted, would be tantamount to a ruling that as a matter of law the plaintiff is entitled to recover "regardless of whether payment was voluntary or under duress" and it is denied.

■ The plaintiff's request numbered 6 is to the effect that the moneys received by the defendant's testator are the property of the plaintiff, and "since the defendant is obliged by natural justice and equity to refund the same, the plaintiff is entitled, as a matter of law, to judgment regardless of whether payment was voluntary or under duress." This request should not be granted by virtue of anything appearing in Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, on which the plaintiff relies. Manifestly, upon the facts here appearing, the plaintiff can not re-

---

[1] See Williston on Contracts, Rev.Ed., section 1623, and cases there cited.

cover if the payment was voluntary and made without duress or mistake. No mistake of fact was here made and no mistake urged as a basis of recovery. This request is denied.

It may be added that I should have grave doubts as to the plaintiff's right to recover if its payment had been involuntary and had been made under protest. In view of the adequate service of the detention notice upon the master, the fact that the fines might have been validly imposed upon him, his relation to the owner, the representative capacity in which the plaintiff acted and the terms of the bond on file, I should be slow to conclude that "the natural justice and equity" to which the plaintiff's sixth request refers is not on the side of the defendant. See Bank Line, Ltd., v. United States, 2 Cir., 96 F.2d 52. Be this as it may, this request is denied because I think that the payment, if voluntary and accompanied by no protest, can not be recovered.

The plaintiff's seventh request for rulings of law reads: "The fact that the protest of Furness, Withy & Co., Ltd., dated August 27, 1926, was based on the theory of due care rather than on the principles set forth in Compagnie Generale Transatlantique v. Elting, 298 U.S. 217 [56 S.Ct. 770, 80 L.Ed. 1151], 1936 A.M.C. 799, does not, as a matter of law, alter the validity or legal effect of the aforesaid protest. Rio Cape Line, Ltd. v. United States of America [89 Ct.Cl. 307], Court of Claims, June 5, 1939."

I have discussed the effect of the letter to the Secretary of the Treasury seeking to avoid the imposition of the fines to which letter this request refers as "the protest". Irrespective of the ground of "the protest" against the imposition of the fines, I did not and do not regard it under the circumstances here presented as the equivalent of a protest against payment. The request is denied as inapplicable or ambiguous or as seeking a ruling to which the plaintiff is not entitled.

The fines, though invalid for reasons heretofore stated, having been paid voluntarily and without protest, neither plaintiff under all the circumstances disclosed in or by reference made a part of the foregoing findings of fact is entitled to recover.

Judgment with costs is to be entered for the defendant.