## DUKE *v.* UNITED STATES.

No. 907.   Argued May 4, 1937.—Decided May 24, 1937.

*Mr. Jesse C. Duke, pro se.*

*Mr. William W. Barron,* with whom *Solicitor General Reed* and *Assistant Attorney General McMahon* were on the brief, for the United States.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

The court below, being divided and in doubt, and desiring the instruction and advice of this court, has certified the following questions of law:

"1. May a misdemeanor, for which no infamous punishment is prescribed, be prosecuted by information, where the punishment therefor may exceed $500 fine or six months' imprisonment, without hard labor, or both?

"2. May an offense under Sec. 137 of the Criminal Code be prosecuted by information?"

The certificate contains the following statement of facts:

"This was a prosecution for violation of Sec. 137 of the Criminal Code, 18 U. S. C. A. 243, which provides:

" 'Whoever shall attempt to influence the action or decision of any grand or petit juror of any court of the United States upon any issue or matter pending before such juror, or before the jury of which he is a member, or pertaining to his duties, by writing or sending to him any letter or any communication, in print or writing, in relation to such issue or matter, shall be fined not more than $1,000, or imprisoned not more than six months, or both.'

"The prosecution was by information filed under oath by the United States Attorney. The appellant was convicted of the offense charged and from judgment and sentence thereon appeals to this court. One of the questions presented by the appeal is whether the offense charged, which is punishable by six months imprisonment or fine of $1,000, or both, may be prosecuted by information, in view of Sec. 335 of the Criminal Code. . . .

"Notwithstanding the decision in *Thorm* v. *United States* (C. C. A. 3d) 59 Fed. (2d) 419, cert. denied 287 U. S. 624, this court is divided and in doubt as to whether a misdemeanor may be prosecuted by information where the punishment therefor, although not infamous, may exceed a fine of five hundred dollars, or six months' imprisonment without hard labor, or both. As there are a large number of such misdemeanors denounced by the

Criminal Code (See Hearings before House Judiciary Committee, Seventieth Congress, First Session, January 17, 1928, on H. R. 5608, H. R. 8230, H. R. 8555, H. R. 8556, Serial 1, Page 31) the court deems the question of sufficient importance to certify to the Supreme Court."

Section 335 of the Criminal Code, c. 321, 35 Stat., 1088, 1152, before its amendment, provided: "All offenses which may be punished by death, or imprisonment for a term exceeding one year, shall be deemed felonies. All other offenses shall be deemed misdemeanors."

This section was amended by the Act of December 16, 1930, c. 15, 46 Stat. 1029, 18 U. S. C. § 541, by adding the following proviso: *"Provided,* That all offenses the penalty for which does not exceed confinement in a common jail, without hard labor for a period of six months, or a fine of not more than $500, or both, shall be deemed to be petty offenses; and all such petty offenses may be prosecuted upon information or complaint."

Appellant contends that this language limits the authority to prosecute by information strictly to those offenses punishable as the proviso prescribes. Under the original section, there is no doubt that the offense with which appellant is charged was a misdemeanor which could be prosecuted by information. It will be enough to cite as examples supporting this conclusion *Falconi* v. *United States,* 280 Fed. 766, and *Hunter* v. *United States,* 272 Fed. 235, 238, where other cases are collected. We think the proviso relied upon did not change this rule.

The original section divides crimes into felonies and misdemeanors. The evident object of the proviso was to bring about a subdivision of misdemeanors by creating a class of misdemeanors of minor gravity to be known as petty offenses; to be tried, as proposed by other legislation (which failed), by United States Commissioners. The addition of the words that "such petty offenses may be prosecuted upon information or complaint" did not work a change of the then well-settled rule that any mis-

demeanor not involving infamous punishment might be prosecuted by information instead of by indictment. The quoted words probably were inserted, as the government contends and the legislative history indicates, merely to supplement and aid the other proposed legislation then pending to which we have referred; but, in any event, they are affirmative words and do not in terms or by reasonable implication negative the broader long-standing rule in respect of misdemeanors of the other class. *Thorm* v. *United States*, 59 F. (2d) 419. The offense with which appellant was charged was not a petty offense within the proviso, but it was a misdemeanor of a kind, as the certificate recites, not subject to infamous punishment— therefore open to prosecution by information.

Both interrogatories must be answered in the affirmative.

*Question No. 1, Yes.*
*Question No. 2, Yes.*