## IN RE ASSIGNMENT OF THE LATTIN MARKET COMPANY

Probate Court of Lucas Co

Decided March 20, 1939

John Paul Manton, Ass't. U. S. District Attorney, Toledo, for the United States.

N. J. Walinski, Assistant Attorney General and Herman R. Miller, Toledo, for the State of Ohio.

## OPINION

By CHITTENDEN, J.

The assignee for the Lattin Market Company filed his application for instructions and represents to the court that the United States of America by Charles H. Graves, collector of internal revenue for the Tenth District of Ohio, has filed a claim with said assignee claiming that there is due the United States of America the sum of $633.34 for unpaid taxes on account of Social Security assessments and that the claim is a preferred claim upon all of the assets of said assignee.

A brief was filed on behalf of the state of Ohio in which it was contended that there is no priority existing between two sovereign states and that, therefore, the funds should be apportioned between the state of Ohio and the United States of America. A brief has been filed on behalf of the United States by the United States attorney and a letter commenting upon that brief has been received from the assistant attorney general.

The problem of unemployment and its influence upon the public welfare prompted the Congress in 1935 to enact a law known as the "Social Security Act." By Section 1101 of that Act it was provided that on and after January 1, 1936, every employer, as defined in the Act, shall pay for each calendar year an excise tax with respect to having individuals in his employ.

Section 1104 of the Act established in the treasury of the United States a trust fund to be known as "Unemployment Trust Fund." It was provided by Section 1103 that the Social Security Board shall approve any state law which it finds provides for certain enumerated conditions. Among these is the provision that "all money received in the unemployment fund shall immediately upon such receipt be paid over to the secretary of the treasury to the credit of the Unemployment Trust Fund established by Section 1104 of this chapter."

Thereafter the state of Ohio passed a social security law which complied with the Act of Congress, and which was duly approved by the Social Security Board. Section 1102 of the Act of Congress provides that a credit shall be given against the taxes imposed by Section 1101 for the amount of contributions paid into an unemployment fund under a state law, but that said credit shall not exceed 90% of the federal tax against which it is credited, and that credit shall be allowed only for contributions made under the laws of states certified for the taxable year, as provided in Section 1103.

Section 1108 provides that the commissioner of internal revenue, with the approval of the secretary of the treasury, shall make and publish rules and regulations for the enforcements of Sections 1101 to 1110 of this chapter, excepting Sections 1103, 1104, 1110.

It is to be observed that this tax, which is described in the statute as an excise, is laid with uniformity throughout the United States as a duty, an impost or, an excise upon the relation of employment.

The Ohio law, which is found in the GC as §§1345-1 and following, was enacted for the purpose of cooperating with the federal government in providing relief for unemployment.

The act created an unemployment compensation fund to be in the custody of the treasurer of state and to be administered in accordance with directions of the Unemployment Commission. The treasurer of state is required to maintain within the unemployment fund three separate accounts

(1) a clearing account; (2) an unemployment trust fund account; and (3) a benefit account.

The act provides that contributions payable to the unemployment fund upon receipt thereof by the commission shall be forwarded to the treasurer of state who shall immediately deposit them in the clearing account. If, upon the hearing of any complaints, a refund is ordered, it shall be paid from this clearing account and, after the clearance, monies in the clearing account shall immediately be deposited with the secretary of the treasury of the United States of America to the credit of the state of Ohio in the Unemployment Trust Fund established and maintained in accordance with the act of Congress.

As monies are needed by the state to be used for the benefit of the unemployed, a requisition is made upon the federal Unemployment Trust Fund for such amounts as are deemed necessary for the payment of benefits for a reasonable period, and upon the receipt of such funds the said treasurer shall deposit these monies in the benefit account.

It is obvious that the office of the treasurer of state is merely a clearing house through which the Unemployment Trust Fund shall pass to the secretary of the treasury of the United States after having adjusted any claims while the funds are in the clearing account, and afterwards, upon requisition, distributed to those entitled to the benefit.

The excise tax for unemployment relief is levied uniformly throughout the nation as the primary tax. The entire amount of this tax is payable to the United States subject only to a credit of 90% of such tax, if contributions have been made to a similar state fund where the state law has been approved by the Social Security Board, as provided in Section 1103 of the Federal Act.

Section 1102 provides for a credit against the federal tax for "the amount of contributions, with respect to employment during the taxable year, paid by him (before the date of filing his return for the taxable year) into an unemployment fund under a state law."

Section 211 of the regulations relating to excise tax on employers issued under Title IX of the Social Security Act, subdivision (2) provides that the contributions must have been actually paid into the state unemployment fund before the date on which the return for the calendar year is required to be filed. This date is January 31st next following the close of the calen-

dar year, unless the time for filing the return is extended.

The Lattin Market Company did not pay to the state unemployment fund befor the date on which the return for the calendar year is to be filed, or at any time, any contribution to the unemployment fund. There is, therefore, nothing to be credited against the tax imposed by the Federal Social Security Act. The constitutionality of the Federal and Alabama acts has been discussed by the Supreme Court in Carmichael v Southern Coal Co., 301 U. S. 492 and Steward Machine Co. v Davis, 301 U. S. 548. The discussion by the court in the opinions in these cited cases, especially the latter one, support the conclusion arrived at in this case.

An entry may be drawn finding that the claim of the United States is allowed as a preferred claim upon the assets in the hands of the assignee.