### UNITED STATES v. SLOAN.

### No. 7913.

District Court, W. D. South Carolina, Greenville Division.

Jan. 25, 1940.

Oscar H. Doyle, U. S. Atty., of Greenville, S. C., O. John Rogge, Asst. Atty. Gen., Alexander Holtzoff, Sp. Asst. to Atty. Gen., and Herbert A. Bergson, Sp. Atty., of Washington, D. C., for plaintiff.

C. S. Bowen, of Greenville, S. C., for defendant.

WYCHE, District Judge.

The defendant in this case was charged with having violated Section 19 of the Emergency Relief Appropriation Act of 1938, 15 U.S.C.A. §§ 721–728 note, in the particulars set forth in an information heretofore duly filed against him. Upon the call of the case for trial he demurred to the information upon the ground that it states an offense not triable on information; (1) Because the Fifth Amendment to the Constitution of the United States of America, U.S.C.A., protects him from being called upon to answer for a capital or otherwise infamous crime except on presentment or indictment of a Grand Jury; (2) because the offense alleged is infamous in that it involves moral turpitude, and provides punishment of imprisonment up to one year; and (3) since the place of imprisonment is not specified in the statute, the defendant could, upon conviction, be sentenced to one year in a state or federal penitentiary under the Act of Congress of May 14, 1930, sec. 7, 46 Stat. 326, 18 U.S.C.A. § 753f, and he contends that such punishment is infamous, and characterizes the crime as such, within the meaning of the constitutional amendment aforesaid.

The Fifth Amendment to the Constitution of the United States declares: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury * * *." Whether a crime is infamous within the meaning of the Fifth Amendment must be determined by the character of the punishment that may be imposed. Ex parte Wilson, 114 U.S. 417, 5 S.Ct. 935, 29 L.Ed. 89. Imprisonment in a penitentiary is infamous punishment whether it be with or without hard labor. In re Claasen, 140 U.S. 200, 205, 11 S.Ct. 735, 35 L.Ed. 409, 411. Imprisonment at hard labor in any institution for any definite term is infamous punishment. United States v. Moreland, 258 U.S. 433, 42 S.Ct. 368, 66 L.Ed. 700, 24 A.L.R. 992. The test does not depend upon the punishment that is imposed but upon the punishment that can be imposed. United States v. Moreland, supra. When an accused is in danger of imprisonment in a penitentiary or confinement at hard labor, if convicted, he has a right to insist that he be not put upon trial except on the accusation of a grand jury. Ex parte Wilson, supra; United States v. Moreland, supra. So, the sole question for determination here, is, has this court the power to sentence the defendant, if convicted of the offense charged in the information, to imprisonment in a penitentiary or confinement at hard labor?

The punishment prescribed for the violation of the statute in question is by fine of "not more than $2,000 or imprisonment of not more than one year, or both". It

has been the practice in United States District Courts that where persons are sentenced to terms of imprisonment of more than one year they should be confined in penitentiaries rather than in county jails. Congress has apparently taken cognizance of such practice in the enactment of legislation relating to federal penal institutions; 26 Stat. 839, 18 U.S.C.A. 741; R.S. §§ 5541, 5542, 18 U.S.C.A. § 695; 28 Stat. 957, 18 U.S.C.A. § 762; 43 Stat. 724, 18 U.S.C.A. § 831, but I have been unable to find any statute, and neither has the United States Attorney, nor counsel for the defendant pointed to any statute providing that where a person is sentenced to more than one year he *shall* be imprisoned in a penitentiary rather than a county jail, or where he is sentenced to one year or less, he *shall* be imprisoned in a county jail rather than a penitentiary. Section 5541 of the Revised Statutes, 18 U.S.C.A. § 695 provides: "Where any person convicted· of any offense against the United States is sentenced to imprisonment for a period longer than one year, or to imprisonment and confinement at hard labor, the court by which the sentence is passed *may* order the same to be executed in any *State jail* or *penitentiary within the district or State where such court is held, the use of which jail or penitentiary* is allowed by the legislature of the State for that purpose." (Italics supplied.) The Supreme Court has held that this statute is equivalent to a direct denial of authority on the part of the trial judge to direct that imprisonment be executed in a penitentiary in any case, except where the imprisonment is ordered for a longer period than one year, or where the statute expressly provides punishment by imprisonment in a penitentiary. In re Mills, 135 U.S. 263, 10 S.Ct. 762, 34 L.Ed. 107; In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149; Brede v. Powers, 263 U.S. 4, 44 S.Ct. 8, 68 L.Ed. 132. Since the pronouncements of the Supreme Court in these decisions, however, the Congress has passed an act, Act of May 14, 1930, 18 U.S.C.A. § 753f which provides: *"Hereafter, all persons convicted of an offense against the United States* shall be committed, for such terms of imprisonment and *to such types of institutions as the court may direct,* to the custody of the Attorney General of the United States or his authorized representative, who shall designate the places ·of confinement where the sentences of all such persons shall be served. The Attorney General may designate any available, suitable, and appropriate institutions, whether maintained by the Federal Government or otherwise or whether within or without the judicial district in which convicted. The Attorney General is also authorized to order the transfer of any person held under authority of any United States statute from one institution to another if in his judgment it shall be for the well-being of the prisoner or relieve over-crowded or unhealthful conditions in the institution where such prisoner is confined or for other reasons." (Italics added.)

The defendant contends that this act confers authority upon this court to designate a penitentiary as the type of institution in which he may be ordered to be confined, if convicted of the offense charged in the information against him, and he relies upon the decision in the case of Andreas v. Clark, 9 Cir., 71 F.2d 908, 912, as authority for such contention. In that case the district court sentenced the defendant to imprisonment in a penitentiary for five years. In answer to his argument that the trial judge had no authority to sentence him to confinement in a federal penitentiary when the statute under which he was convicted did not specifically state that one convicted thereunder shall be confined in a penitentiary, the Circuit Court of Appeals of the 9th Circuit quoted the foregoing statute as authority for such confinement under such circumstances, and said: "The clarity of the language of the above-quoted statute evinces that *it was the intention of Congress in passing the same that the trial judge should be invested with the power to designate the type of penal institution in which persons convicted of federal crimes should be confined."* (Italics added.) It has been the general policy of this court to follow a decision of a federal Circuit Court of Appeals where it is the only decision on the point, and in view of the difficulty of the question and the lack of express construction of the statute by the Supreme Court or by the Court of Appeals of this Circuit, I would follow the above interpretation of the 9th Circuit as authoritative, if the sentence imposed in that case had not been for confinement for more than one year, and had not the court added the following language to its interpretation: "Moreover, the intention of Congress that persons sentenced to terms of imprisonment of more than one year should be confined in penitentiaries rather than county jails is manifest from reading the various statutes

which have been enacted in this respect from time to time, as well as from the fact that such has been the universal practice followed in the federal courts. See 26 Stat. 839 (18 U.S.C.A. § 741); R.S. §§ 5541, 5542 (18 U.S.C.A. § 695); 28 Stat. 957 (18 U.S.C.A. § 762); 43 Stat. 724 (18 U.S.C.A. § 831)." This language, followed by citation of R.S. §§ 5541, 5542, 18 U.S.C.A. § 695, as authority therefor, amounts to a decision by that court that such statute had not been repealed by the act of May 14, 1930, and that the sole question it was deciding was whether a sentence to confinement in a penitentiary for a term of five years was valid under a statute which provided that a person violating it might be sentenced to imprisonment at the discretion of the court.

■ The act provides that "all persons convicted of an offense against the United States shall be committed, *for such terms of imprisonment and to such types of institutions* as the court may direct, to the custody of the Attorney General of the United States, or his authorized representative, who shall designate," etc. (Italics added.) It is conceded that the phrase "for such terms of imprisonment * * * as the court may direct" is subject to the limitation of statutes previously enacted, prescribing specific punishment for violations thereof. If this be true, then it would seem that Congress also intended that the words, "to such types of institutions as the court may direct" would likewise be subject to the preexisting statute, 18 U.S.C.A. § 695, R.S. § 5541, as construed by the Supreme Court, that a person sentenced to imprisonment for a term not exceeding one year may not be confined in a penitentiary, except where the statute expressly provides punishment by imprisonment in a penitentiary.

The report of the Judiciary Committee of the House of Representatives[1] concerning the bill which became the act of May 14, 1930, quotes the letter of the Attorney General and makes his letter a part of the report in the following words: "Present statutes are ambiguous as to who should designate the place of confinement of Federal prisoners. It is not clear from sections 5540, 5541, 5542, and 5546 of the Revised Statutes [18 U.S.C.A. §§ 694–698] (enacted before any Federal penitentiaries were established) whether the court may determine the *place* of confinement, or under what circumstances the Attorney General has the power to designate the *place* of confinement of Federal prisoners. Moreover, existing statutes, if strictly construed, would limit the power of the Attorney General to change the place of confinement of a Federal prisoner to those cases where the transfer is necessary to preserve the health of the prisoner or to remove him from an insecure institution or to prevent cruel and improper treatment. *Section 7 gives statutory recognition to the existing practice by authorizing the Attorney General to designate or change the place of confinement of all prisoners.* Proper administration and regulation of our penal institutions makes it necessary for some central coordinating agency to exercise this power." (Italics added.)

Neither this report, nor the corresponding report of the Senate Judiciary Committee[2] concerning this legislation, indicates that the Act of May 14, 1930 was intended to abolish the universal and long-standing rule, that a defendant may not be sentenced to confinement in a penitentiary except where the imprisonment is for a term exceeding one year, or where the statute expressly authorizes imprisonment in a penitentiary. There is no suggestion in either report that the Congress was intending to do anything beyond providing adequate prison facilities and a proper administrative organization for the Federal penal system, and nothing therein to indicate that it was intended to make a far-reaching modification in the law of crime so as to make an infamous crime out of every minor offense punishable by imprisonment for a term not exceeding one year, and thereby put an end to prosecutions by information in all such cases. The purpose of the bill, as is stated in the Committee Reports, was to establish a Bureau of Prisons in the Department of Justice and to clarify certain ambiguities in existing law in respect to the question as to who should designate the *place* of confinement of Federal prisoners. It had been the practice for the courts to name the place of confinement, while the Attorney General was given by Section 5546 of the Revised Statutes, 18 U.S.C.A. §§ 696–698, authority to change the place of imprisonment under certain limited circumstances. The Act of May 14, 1930, invests the power

---

[1] H.R. No. 106, 71st Congress, 2nd Session, Jan. 6, 1930.

[2] S.Rept. No. 533, 71st Congress, 2nd Session, April 25, 1930.

to designate the place of confinement in the Attorney General, who must select some institution of the type named by the court under existing limitations, and authorizes him to change such place of confinement in his discretion. It seems that the purpose of the act was to diminish rather than enlarge the power of the courts.

While there seems to be no decision from this Circuit or the Supreme Court construing the Act of May 14, 1930, 18 U.S.C.A. § 753f, the Supreme Court on May 24, 1937, in construing the Act of December 16, 1930, amending Section 335 of the Criminal Code which defines felonies and misdemeanors, 18 U.S.C.A. § 541, held that such amendment did not change the rule, existing at that time, *that misdemeanors punishable by fine or by fine and imprisonment not exceeding one year, are not infamous crimes within the meaning of the Fifth Amendment, and may be prosecuted by information, unless there is coupled with the punishment of imprisonment some specific provision making the particular misdemeanor infamous.* Duke v. United States, 301 U.S. 492, 57 S.Ct. 835, 81 L.Ed. 1243. While it does not appear from the opinion in this case that the Supreme Court considered the Act of May 14, 1930, in arriving at its decision, must not this court assume that the Supreme Court knew of such statute and decided that it did not change the long-standing rule upon which it based its decision? It has been decided that this court should hesitate to disregard a holding of the Supreme Court merely because a particular point has not been raised before it, Bank Line v. United States, 2 Cir., 96 F.2d 52, and until the Supreme Court itself reverses its opinion this court is governed by it. Valli v. United States, 1 Cir., 94 F.2d 687; Forrest v. Southern Railway Co., W.D.D.C.,S.C., 20 F.Supp. 851, 854.

Any person violating the statute alleged in the information filed against the defendant in this case is by the statute itself "deemed to be guilty of a misdemeanor" and the punishment for its violation declared to be by "fine of not more than $2,000 or imprisonment of not more than one year, or both". No specific provision, making the particular misdemeanor infamous, is coupled with the punishment of imprisonment prescribed by this statute. I do not have the power to sentence the defendant, if convicted of the offense charged against him, to imprisonment in a penitentiary, or confinement at hard labor. In re Bonner, supra; United States v. Moreland, supra. It necessarily follows that the crime alleged against him is not infamous and the government may prosecute him by information. The demurrer to the information will be overruled by an appropriate order filed herewith.