## UNITED STATES v. LOMAS.

District Court, S. D. New York.
March 8, 1945.

John F. X. McGohey, U. S. Atty., for Southern District of New York, of New York City (Irving Tick, Asst. U. S. Atty., of New York City, of counsel), for United States.

Banton & Pecora, of New York City, for defendant.

MOSCOWITZ, District Judge.

The defendant has applied for an order dismissing and setting aside the information filed against him on the ground that the offense charged therein is an infamous crime, which, under the Fifth Amendment to the Constitution of the United States, can be prosecuted only by presentment or indictment of the Grand Jury.

The information contains twenty counts. Each of ten counts charges the defendant with a violation of Section 4 of Public Law 421, 77th Cong., 56 Stat. 23, known as the Emergency Price Control Act of 1942, Title 50 U.S.C.A.Appendix, § 901 et seq., and the rules, regulations and orders duly adopted and issued thereunder, in that he is alleged to have sold bed-springs without first having submitted any report to the Office of Price Administration applying for specific authorization of a maximum price and without having first obtained an authorization from the Price Administrator of a maximum price for that bed-spring, all of which is required by the said statute, rules, regulations and orders. The other ten counts charge violations of the same statute and of Maximum Price Regulation No. 188 in that the said sales enumerated in the first ten counts were at prices in excess of those set by the Office of Price Administration for that commodity.

In support of his contention that he is being deprived of constitutional rights, defendant advances two arguments, both without merit and clearly controverted by substantial authority.

■ Section 205(b) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925(b), provides that: "Any person who willfully violates any provision of section 4 of this Act * * * shall, upon conviction thereof, be subject to a fine of not more than $5,000, or to imprisonment * * * for not more than one year

\* \* \* or to both such fine and imprisonment \* \* \*." Thus the maximum imprisonment for a violation of the Act is limited to a period of one year. Title 18 U.S.C.A. § 541 provides that: "All offenses which may be punished by death or imprisonment for a term exceeding one year shall be deemed felonies. All other offenses shall be deemed misdemeanors." It thus follows that the violation of Section 4 of the Emergency Price Control Act here involved is a misdemeanor.

■ Defendant contends that the aggregate prison sentence which might be imposed upon him under this information exceeds one year and that the offense thereby becomes an infamous crime. That defendant is charged with a misdemeanor only and that such misdemeanor may be prosecuted by information is well settled. The number of counts in the indictment is immaterial. Taylor v. United States, 9 Cir., 1944, 142 F.2d 808, 816, certiorari denied 65 S.Ct. 56, citing Duke v. United States, 301 U.S. 492, 57 S.Ct. 835, 81 L.Ed. 1243; Blanc v. United States, 9 Cir., 258 F. 921; Catlette v. United States, 4 Cir., 132 F.2d 902; Thorm et al. v. United States, 3 Cir., 59 F.2d 419, certiorari denied 287 U.S. 624, 53 S.Ct. 78, 77 L.Ed. 541; Falconi et al. v. United States, 6 Cir., 280 F. 766; Hunter v. United States, 4 Cir., 272 F. 235, certiorari denied, 257 U.S. 633, 42 S.Ct. 47, 66 L.Ed. 407.

■ Defendant has cited to the Court 18 U.S.C.A. § 753f as it was enacted by the Act of May 14, 1930, at which time it provided that the Court could, upon conviction of a defendant, direct the "type of institution" in which the term of imprisonment was to be served. Defendant argues that since the Court might, under authority of this statute, designate a penitentiary as the place of commitment and that an inmate of a penitentiary may be assigned to hard labor, the possibility of this punishment makes the crime for which it might be imposed infamous and within the protection of the Fifth Amendment. The defendant failed to note and cite to the Court the 1941 amendment to § 753f, which, among other changes, adds the clause "Provided, That any sentence of imprisonment for an offense punishable by imprisonment for a term of one year or less shall not be served in a penitentiary except with the defendant's consent." Thus there is no possibility that the defendant here may be sentenced to hard labor unless he expressly consents thereto.