**UNITED STATES v. PICKARD et al.**
**No. 13701.**

United States Court of Appeals
Ninth Circuit.

Oct. 2, 1953.

James W. Johnson, Jr., U. S. Atty., Reno, Nev., for appellant.

John W. Bonner, D. Francis Horsey, Las Vegas, Nev., for appellees.

Before ORR, Circuit Judge, and MATHES and LEMMON, District Judges.

MATHES, District Judge.

The Government appeals, 18 U.S.C. § 3731; 28 U.S.C. § 1291, from an order of the district court dismissing, upon motion of appellees, an information charging appellee Pickard in four counts with the misdemeanor of embezzlement of property of the United States of a value not exceeding $100, 18 U.S.C. §§ 1, 641, and appellee Cagle in four counts with the misdemeanor of having received, concealed and retained the embezzled property, "with intent to convert to his own use or gain * * * knowing the same to have been embezzled." *Ibid.*

The record discloses that an indictment had previously been returned against appellees and that "pursuant to motion * * * said indictment * * * was dismissed." Upon dismissing the indictment the district court ordered appellees "held in custody or their bail * * * continued until May 30, 1952, pending the filing of a new indictment or an information." Fed. Rules Cr.Proc. rule 12(b) (5), 18 U.S. C.A. On May 29, 1952 the information at bar was filed.

Appellee thereupon joined in a "Motion to Dismiss and Quash Information and Exonerate Bond" upon the ground that "an indictment cannot be amended by the filing of an information." Appellee Cagle later filed a "Motion to Dismiss Information" upon the grounds: "That said information is in effect an attempt to amend an indictment by information contrary to law and that pursuant to Rule 5C of the Federal Rules of Criminal Procedure said defendant was entitled to a preliminary examination prior to his arraignment. * * * "

The order dismissing the information does not state the reasons for the court's action, but does recite that "counsel stipulate * * * no complaint set forth in the present information was ever filed with a United States Commissioner." And the record discloses that upon conclusion of the argument the district judge stated from the bench: "I am going to grant the motion on the ground that neither one of the defendants was first brought before the magistrate in compliance with the rules. * * * Rules 3, 4, and 5 have not been complied with, so the case is dismissed. * * * "

Rule 5 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., entitled "Proceedings before the Commissioner", by its terms applies only to those cases where there has been an arrest either "without a warrant" or "under a warrant issued upon a complaint" previously "made upon oath before a commissioner or other officer * * * " as provided by Rule 3, 18 U.S.C.A.

Moreover Rule 4, entitled "Warrant or Summons upon Complaint", directs that the warrant issued upon a complaint shall command "that the defendant be arrested and brought before the near-

est available commissioner \* \* \*." Rule 4, 18 U.S.C.A. While Rule 9, entitled "Warrant or Summons upon Indictment or Information", directs with equal preciseness that the warrant issued upon an indictment or information shall command "that the defendant be \* \* \* brought before the court." Rule 9, 18 U.S.C.A.

■ Accordingly we hold that the rules do not require preliminary examination as a condition precedent to prosecution by information. See Rule 7, 18 U.S.C.A.

· It is interesting to note that the conclusion just stated was well settled under prior federal practice. See: Wagner v. United States, 9 Cir., 1925, 3 F. 2d 864; United States v. Quaritius, D.C. E.D.N.Y.1920, 267 F. 227; United States v. Ronzone, C.C.S.D.N.Y.1876, 27 Fed. Cas. page 894, No. 16,192; United States v. Waller, C.C.D.Cal.1871, 28 Fed. Cas. 391, No. 16,634; Housel & Walser, Defending and Prosecuting Federal Criminal Cases §§ 162, 166 (2d ed. 1946); see, also, Goldsby v. United States, 1895, 160 U.S. 70, 73, 16 S.Ct. 216, 40 L.Ed. 343; Garrison v. Johnston, 9 Cir., 1939, 104 F.2d 128, 130.

■ The decision appealed from cannot therefore be affirmed upon the ground stated by the district judge. We proceed to inquire then whether some circumstance, not relied upon by the district court, can serve to justify dismissal of the information. For "the rule is settled that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason." Helvering v. Gowran, 1937, 302 U.S. 238, 245, 58 S.Ct. 154, 158, 82 L.Ed. 224.

The first ground for dismissal advanced by appellees in the district court was that "an indictment cannot be amended by the filing of an information", Ex parte Bain, 1887, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849; Garrett v. United States, 5 Cir., 1927, 17 F.2d 479; cf. Williams v. United States, 5 Cir., 1950, 179 F.2d 656, 659–660, affirmed, 1951, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774; Fed.Rules Cr.Proc. rule 7(d), 18 U.S.C.A., but such argument is wholly beside the mark when it is recalled that the indictment had been dismissed prior to the filing of the information at bar.

No contention is made, or could with correctness be made, that the information fails adequately to charge the offenses alleged, or that authority is lacking to prosecute such offenses by information. See: Ex Parte Wilson, 1885, 114 U.S. 417, 5 S.Ct. 935, 29 L.Ed. 89; United States v. Moreland, 1922, 258 U.S. 433, 436, 42 S.Ct. 368, 66 L.Ed. 700. The main point appellees urge in this court in defense of the dismissal is that "A person cannot be prosecuted by information \* \* \* unless the information is verified or unless a verified complaint is filed as basis for such prosecution."

■ A brief answer to this contention is to quote the terse holding of this court more than three decades ago that "the defendant may be charged and tried for a misdemeanor on an information not verified or supported by affidavit." Kelly v. United States, 9 Cir., 1918, 250 F. 947, 949. To the same effect see: Albrecht v. United States, 1927, 273 U.S. 1, 6–9, 47 S.Ct. 250, 71 L.Ed. 505; Merrill v. United States, 9th Cir., 1925, 6 F.2d 120; Wagner v. United States, supra, 3 F.2d at page 864; Jordan v. United States, 9 Cir., 1924, 299 F. 298, 299; Brown v. United States, 9 Cir., 1919, 257 F. 703, 705, certiorari denied, 1919, 251 U.S. 554, 40 S.Ct. 119, 64 L.Ed. 411; see also, United States v. Grady, 7 Cir., 1950, 185 F.2d 273; Christian v. United States, 5 Cir., 1925, 8 F.2d 732, 733; Weeks v. United States, 2 Cir., 1914, 216 F. 292, L.R.A. 1915B, 651, certiorari denied, 1914, 235 U.S. 697, 35 S.Ct. 199, 59 L.Ed. 431; compare United States v. Morgan, 1911, 222 U.S. 274, 282, 32 S.Ct. 81, 56 L.Ed. 198, with Albrecht v. United States, supra, 273 U.S. at page 4 et seq., 47 S.Ct. at page 251.

The gist of appellee's argument, as we understand it, is that the Fourth

Amendment entitles the accused to insist that the criminal charge against him, if made otherwise than by indictment of the grand jury, be "supported by Oath or affirmation" showing probable cause. U.S.Const. Amend. IV.

██ "But," as explained in Weeks v. United States, supra, "the right secured to the individual by the fourth amendment * * * is not a right to have the information, by which he is accused of crime, verified by the oath of the prosecuting officer of the government or to have it supported by the affidavit of some third person. His right is to be protected against the issuance of a warrant for his arrest, except 'upon probable cause supported by oath or affirmation,' * *." 216 F. at page 302.

██ To borrow Judge Gilbert's words in Wagner v. United States, supra: "This and other courts have held that the verification of an information is not required by any statute, and * * * it is only where the issuance of a warrant of arrest is sought upon this information that there must be an affidavit of one who knows the facts." 3 F.2d at page 864.

Moreover, as Mr. Justice Brandeis observed in Albrecht v. United States, supra: "The fact that the information and affidavit [may be] used as a basis for the application for a warrant [does] not affect the validity of the information as such." 273 U.S. at page 8, 47 S.Ct. at page 252.

██ Finally, appellees urge in effect that since Rule 3 requires the ordinary complaint of officer or citizen to be "made upon oath before a commissioner or other officer empowered to commit persons charged with offenses against the United States", Fed.Rules Cr.Proc. Rule 3, 18 U.S.C.A. and Rule 5 entitles the accused to a "preliminary examination" or hearing before the nearest available committing magistrate upon the charge set forth in the complaint, Rule 5, 18 U.S.C.A. the same requirements should be applied to prosecutions by information in the district courts.

The answer of course is that the rules do not so provide. As Judge Major well summarized in United States v. Grady, supra: "Whatever might have been the rule prior to the adoption of the Federal Rules of Criminal Procedure, 18 U.S. C.A., it seems plain by Rule 7(a) that an information need not be verified by affidavit, and it 'may be filed without leave of court.' And by Rule 9(a), it seems equally plain that an information need be supported by an oath only when there is a request by the government attorney for the issuance of a warrant, and in the absence of such oath only a summons will issue requiring the defendant to appear. Therefore, there is no basis for the argument that the affidavit [is] * * * either a part of the information or a requisite to its validity. Its sole purpose [is] to enable the government to obtain the issuance of a warrant." 185 F.2d at page 275.

For the reasons stated, the district court erroneously ordered dismissal of the information and the decision must be reversed.

Reversed.