**MOSELY  v.  UNITED STATES.**
No. 14538.

United States Court of Appeals
Fifth Circuit.

Nov. 18, 1953.

Rehearing Denied Dec. 10, 1953.

J. Tom Watson, Tampa, Fla., for appellant.

James L. Guilmartin, U. S. Atty., Miami, Fla., Herbert S. Phillips, U. S. Atty., Tampa, Fla., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment by the district court based on an information charging that the defendant and his wife did willfully engage in carrying on the occupation of accepting wagers without registering and paying the special tax required by Sections 3290 and 3291 of Title 26 of the United States Code. The appellant entered a plea of *nolo contendere,* and was sentenced to imprisonment in the custody of the Attorney General for a period of one year and to pay a fine of $2000; the wife was given a suspended sentence and placed on probation for five years; she did not appeal. The issues presented are whether the appellant properly could be proceeded against by information, and whether the court below abused its discretion in refusing to allow the defendant to withdraw his plea of *nolo contendere* and enter a plea of not guilty.

█ We think that the prosecution was properly brought by filing an information. The defendant was charged with willful failure to pay the specified tax and to give the required information, which is a misdemeanor according to Section 2707(b) Title 26 of the United States Code. Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418. A misdemeanor properly may be prosecuted by an information. Duke v. United States, 301 U.S. 492, 57 S.Ct. 835, 81 L.Ed. 1243.

██ There is no absolute right of a defendant to withdraw a plea of *nolo contendere* and enter a plea of not guilty, but the matter rests solely within the discretion of the court. The record shows that the defendant's counsel entered the plea of *nolo contendere* in open court, in the presence of and with the consent of the defendant, the attorney well knowing

that the defendant had previously made a confession. In view of the circumstances of this case, there was no abuse of discretion on the part of the court in denying the defendant the right to withdraw his plea of *nolo contendere.* We find no reversible error in the record, and the judgment appealed from is affirmed. U. S. v. Colonna, 3 Cir., 142 F.2d 210; Mitchell v. U. S., 5 Cir., 179 F.2d 305; Goo v. U. S., 9 Cir., 187 F.2d 62.

Affirmed.