**UNITED STATES of America,
Appellee,**

**v.**

**Robert Karl FUNK, Jr., Appellant.**

**No. 19436.**

United States Court of Appeals
Eighth Circuit.

June 19, 1969.

---

John Remington Graham, Minneapolis, Minn., for appellant and filed brief.

William E. Falvey, Sp. Asst. U. S. Atty., Minneapolis, Minn., for appellee; Patrick J. Foley, U. S. Atty., was on the brief with William E. Falvey, Minneapolis, Minn.

Before BLACKMUN, LAY and HEANEY, Circuit Judges.

LAY, Circuit Judge.

Defendant appeals a conviction in two counts of the unlawful sale and delivery of LSD in violation of 21 U.S.C. § 331(q) (2) and the unlawful possession of LSD in violation of 21 U.S.C. § 331(q) (3). Upon appeal it is claimed (1) that there was no proof to show that the LSD in question was connected with interstate commerce and that federal statutory regulation of intrastate drug traffic is unconstitutional; (2) that the trial court erred in ruling on a Fifth Amendment waiver issue and (3) that the information and conviction are void because (a) the defendant was denied a preliminary hearing and (b) the defendant was denied prosecution by indictment by reason of Fed.R.Crim.P. 7(a). We affirm.

Defendant concedes that this court has approved the constitutionality of 21 U.S.C. § 331 et seq. in its regulation of both intrastate and interstate drug traffic. White v. United States, 399 F.2d 813 (8 Cir.1968); Whalen v. United States, 398 F.2d 286 (8 Cir. 1968). These recent decisions continue to reflect the view of this court; further discussion is unnecessary.

Defendant complains of the trial court questioning a defense witness relative to certain of the witness' rights under the Fifth Amendment. Defendant's counsel wanted to ask a defense witness whether the defendant was present at the time and place of the sale of the LSD. The court ruled over defense objection that if the witness answered this and related questions, he would waive *his* rights to the protection of the Fifth Amendment as to other questions which might in fact incriminate the witness. See Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951). Upon defense counsel's request the court, however, allowed him to ask further without reference to the transaction itself, (1) whether the witness was in the upstairs part of the building, in the kitchen part

of which the transaction was supposed to have taken place, on the evening in question and (2) if so, whether he saw the defendant there during the evening. The witness said he was there but that at no time did he see the defendant. Thereafter the court again cautioned the witness as to his rights and as to the rule of waiver. The prosecutor then asked the witness certain questions about his presence at the time and place of the sale. The court repeatedly warned the witness "that if he is going to put himself in the house and start identifying the people at the transaction, that he will have to tell the whole story." The witness, nevertheless, answered the prosecutor's questions and identified the people present. The witness testified that the defendant was not in the house that night. The court thereupon asked the witness, over defense objection, to answer who sold the LSD. The witness ultimately responded: "I don't know." Defense counsel's argument is that the court erred in requiring the witness to answer who sold the LSD since it was not relevant to the other questions asked.

The government urges that the defendant lacks standing to challenge the court's ruling. See Bouschor v. United States, 316 F.2d 451 (8 Cir.1963). However, notwithstanding the defendant's doubtful standing the claim of prejudice to this defendant borders upon the frivolous. The jury was informed by the witness that the defendant was not seen by the witness at the time of the sale or even in the same house.

■ The argument that defendant was prejudiced per se by the court interrogating the witness overlooks the proper exercise of the judicial role under the circumstances presented. Cf. Ray v. United States, 367 F.2d 258 (8 Cir. 1966). Nevertheless the prejudice arising from the court's interrogation of the witness rather than by counsel for the defense, when the testimony elicited is helpful to the defendant, is too subtle for this court to understand. Defendant stipulated under F.R.App.P. 10(d) upon appeal that the testimony of the police officer, Billings, was sufficient to sustain a finding by the jury that he had actually sold capsules of LSD to Billings. Such stipulation removes any question of prejudice.

We turn now to defendant's claim that his conviction was void in that he was denied both a preliminary hearing and prosecution by indictment.

The defendant was arrested under warrant issued by the Commissioner on April 16, 1968. Pursuant to Fed. R. Crim. P. 3, a complaint had been sworn out by the police official Billings the day before. Under Fed. R. Crim. P. 4 the Commissioner is required to determine if "there is probable cause to believe that an offense has been committed and that the defendant has committed it," before issuing the warrant. No challenge to the warrant and the Commissioner's determination of probable cause are here made. Upon arrest the defendant was taken before the Commissioner and admitted to bail. At that time the Commissioner informed the defendant of his rights, and pursuant to Fed. R. Crim. P. 5, the Commissioner scheduled a preliminary hearing on April 26, 1968. Before the scheduled preliminary hearing, the government filed an information in conformity with Rule 7(a) and (c). The preliminary hearing was cancelled. On May 14, 1968, the defendant moved to quash the information because of the denial of the preliminary examination. The motion was denied. The government contends that defendant was not entitled to the preliminary examination on the ground that the information superseded the complaint. The government urges that once formal charges are filed by information or indictment the jurisdiction of the United States Commissioner terminates.

■ Under Fed. R. Crim. P. 9(a) an information, when supported by oath of the attorney for the government, may cause issuance of a warrant for arrest of an accused for a misdemeanor. It is conceded by defendant that under such

circumstances the defendant is not entitled to a preliminary hearing. However, defendant here argues that in the instant case the information did not issue under Rule 9, but under Rule 7(a) and therefore was not made under oath.[1] *Defendant urges that notwithstanding the issuance of an information under Rule 7(a) the arrest was still under Rule 3 and the defendant was therefore entitled to a preliminary hearing.* We disagree.

The basic answer to defendant's contention is that the rules do not provide for a preliminary hearing once an information or indictment has been issued. This same challenge has been made in other misdemeanor cases upon both collateral and direct attack and denied. United States v. Pickard, 207 F.2d 472, 475 (9 Cir.1953); United States v. Grady, 185 F.2d 273, 275 (7 Cir.1950); Rivera v. Government of Virgin Islands, 375 F.2d 988 (3 Cir.1967); Roddy v. United States, 296 F.2d 9 (10 Cir.1961). See also United States v. Achen, 267 F. 595 (E.D.N.Y.1920). No constitutional requirement is suggested. Cf. Crump v. Anderson, 122 U.S.App.D.C. 173, 352 F.2d 649 (1965).

The information under Rule 7(a) is used to inform the accused of the nature of the misdemeanor charged. It may now be filed without leave of court, and if properly drawn is deemed sufficient to cause a defendant to stand trial in the district court. No intervening finding of probable cause is required. Once issued it legally supersedes the proceedings before the Commissioner. As Mr. Justice Black reasoned in Costello v. United States, 350 U.S. 359, 363, 76 S. Ct. 406, 100 L.Ed. 397 (1956):

"If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, *like an information drawn by the prosecutor*, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." (Emphasis ours.)

Defendant concedes that after an indictment has been made that the complaint is superseded as a formal charge and a preliminary hearing is not necessary. Sciortino v. Zampano, 385 F.2d 132 (2 Cir.1967); Vincent v. United States, 337 F.2d 891, 896 (8 Cir.1964); Crump v. Anderson, 122 U.S.App.D.C. 173, 352 F.2d 649, 652 (1965). Defendant's argument resolves itself into an attack upon the use of the information as distinguished from the grand jury's indictment. The use of an information as a formal criminal charge found recognition as early as the beginning days of the nation. Act of April 30, 1790, c. 9 § 32; 1 Stat. 119. Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505 (1927). Today, by use of the information for lesser crimes (and as to felonies where indictment is waived) the issues of probable cause and guilt become merged and tried together. The law has traditionally and constitutionally discriminated between procedural safeguards guaranteed for felonies and those involved in lesser offenses. Duke v. United States, 301 U.S. 492, 57 S.Ct. 835, 81 L.Ed. 1243 (1937). Cf. Frank v. United States, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969).

---

1. Under Rule 9(a) in order for a warrant of arrest to be issued by filing of an information, the latter must be under oath in conformity with the Fourth Amendment of the United States Constitution. See United States v. Pickard, 207 F.2d 472, 475 (9 Cir. 1953). Under Rule 7(a), the oath of office of the United States Attorney is deemed to be of sufficient integrity to support the information itself. See Albrecht v. United States, 273 U.S. 1, 5–6, 47 S.Ct. 250, 71 L.Ed. 505 (1927).

We find no substance to defendant's claim.[2]

Defendant's final contention on appeal relates to his claim that he was denied prosecution by indictment. Defendant claims benefit of Rule 7(a) that requires an indictment when the accused is charged with "an offense which may be punished for a term exceeding one year."

Defendant concedes that multiple misdemeanors which arise out of multiple acts may be prosecuted by information. Kempe v. United States, 151 F.2d 680, 685 (8 Cir.1945). However, it is claimed that the information here charges only a single act under two separate counts, that is, possession and sale, each punishable up to one year and together punishable up to two years. Defendant therefore argues that he was actually charged *in substance* with only one offense which could be punished in excess of one year imprisonment and that he is entitled to be charged by indictment under Rule 7(a).

■ Laws governing illicit drug traffic which exact multiple control are in no sense intended to be single or identical in scope. See Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L. Ed.2d 1405 (1958); United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L. Ed.2d 627 (1966). It is equally clear that Congress through the passage of § 331(q) (2) [sale] and § 331(q) (3) [possession] intended several regulatory controls against a "social evil as deleterious as it is difficult to combat * * *." 357 U.S. at 389, 78 S.Ct. at 1283. See White v. United States, 399 F.2d 813 (8 Cir.1968). To prove a sale under § 331(q) (2) requires different evidential proof than proof of possession under § 331(q) (3).[3] These are clearly separate offenses both chargeable by information under Rule 7(a). See Whalen v. United States, 398 F.2d 286 (8 Cir. 1968); Rich v. United States, 389 F.2d 334 (8 Cir.1968).

■ Furthermore, even if we could assume defendant's argument to be true, this would not invalidate the use of the information to charge multiple misdemeanors constituting a single offense. Where a defendant is guilty of multiple violations constituting only one crime, barring circumstances not present here,[4] the remedial function of appellate jurisdiction need extend only to instructions for corrective sentencing. Cf. United States v. Lodwick, 410 F.2d 1202 (8 Cir.1969).

Judgment affirmed.

2. Nor do we acknowledge defendant's claim of prejudice on the ground that the preliminary hearing is now a substantive right of discovery. Cf. Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894, 901 (1964), discussed in Crump v. Anderson, 122 U.S.App.D.C. 173, 352 F. 2d 649 (1965), and Sciortino v. Zampano, 385 F.2d 132 (2 Cir. 1967). As Judge Gibson said in *Spinelli:*
"Though the preliminary hearing provided for in Rule 5(c) may be a practical tool for discovery by the accused, the only legal justification for its existence is to protect innocent accuseds from languishing in jail on totally baseless accusations * * *." Spinelli v. United States, 382 F.2d 871, 887 (8 Cir. 1967), rev'd on other grounds, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

3. In Cardarella v. United States, 375 F.2d 222, 225 (8 Cir. 1967), we said:
"[T]he test to be applied to determine whether there are two offenses or only one is whether proof of any additional fact, not constituting an element of one of the offenses, is required to sustain a conviction on the other."

4. See Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961).