**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert S. BREWER, II, Defendant-Appellant.**

**No. 80–1448.**

United States Court of Appeals, Fifth Circuit.

Aug. 4, 1982.

Rehearing Denied Sept. 1, 1982.

Joe A. Izen, Jr., Houston, Tex., for defendant-appellant.

Paul Coggins, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before BROWN, RUBIN and REAVLEY, Circuit Judges.

PER CURIAM:

Robert S. Brewer II appeals his conviction on four counts of failure to file federal income tax returns for the years 1975 through 1978, in violation of 26 U.S.C. § 7203. Although Brewer was initially indicted by a grand jury, the government proceeded to trial on an information. We affirm.

Brewer was indicted by a grand jury on November 5, 1979 on two counts of wilful failure to file income tax returns for 1975 (count 1) and 1976 (count 2). On February 4, 1980, the government filed a superseding information charging Brewer with four counts. The four counts repeated the two original counts, with one change on count 1 (amending the date by which the defendant had failed to file his return from April 15 to June 15) and added two additional counts covering the years 1977 (count 3) and 1978 (count 4). Brewer was then arraigned on the information and the court entered pleas of not guilty to all four counts. Following a jury trial, the defendant was convicted on all four counts.

We briefly discuss three of the complaints of the appeal: (1) whether the conviction is void due to the information superseding the original indictment; (2) whether the district court erred in refusing to dismiss the indictment because of impermissible selective prosecution; and (3) whether the district court properly denied the motion to suppress the employer's records.

There is no constitutional right to an indictment if the offense charged is a misdemeanor. *See* U.S.Const. amend. V; 18 U.S.C. § 1; *Duke v. United States*, 301 U.S. 492, 494–95, 57 S.Ct. 835, 836–37, 81 L.Ed. 1243 (1937); *United States v. Kahl*, 583 F.2d 1351, 1355 (5th Cir. 1978); *United States v. Walker*, 514 F.Supp. 294, 310 (E.D. La.1981). Although an indictment may be used in the case of a misdemeanor, the prosecution may also proceed by an information. Fed.R.Crim.P. 7(a); *United States v. Millican*, 600 F.2d 273, 276 (5th Cir. 1979), *cert. denied*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980). Virtually all of the authority Brewer relies on involves an amendment of an indictment, *United States v. Fischetti*, 450 F.2d 34, 38 (5th Cir. 1971), *cert. denied*, 405 U.S. 1016, 92 S.Ct. 1290, 31 L.Ed.2d 478 (1972); *United States v. Pandilidis*, 524 F.2d 644, 647 (6th Cir. 1975), *cert. denied*, 424 U.S. 933, 96 S.Ct. 1146, 47 L.Ed.2d 340 (1976); *United States v. Goldstein*, 502 F.2d 526, 527–28 (3d Cir. 1974), and not an attempt to proceed to trial under a different accusatory instrument. In this case, the facts are clear and simple. Initially, the United States Attorney had a choice of prosecuting under an indictment or an information. He proceeded via the indictment process. Subsequently, it became necessary that he change the date of filing on count 1 and add the two successive years (counts 3 and 4). The United States Attorney knew that he could not substantively amend the indictment without returning to the grand jury, so he substituted a superseding information. The controlling fact is that the case went to trial on the information and jeopardy attached. *See also Gowdy v. United States*, 207 F.2d 730,

731 (9th Cir. 1953); *United States v. Pickard*, 207 F.2d 472, 473 (9th Cir. 1953).

We likewise find no merit to the other points of the appeal. To prevail in a selective prosecution case, the defendant "must first make a prima facie showing that he has been singled out for prosecution while others similarly situated and committing the same acts have not. If the defendant makes this showing, he is further required to show that the government's discriminatory selection of him for prosecution has been invidious or in bad faith ...." *United States v. Rice*, 659 F.2d 524, 526 (5th Cir. 1981) (citations omitted). Here, Brewer merely asserted the government had a policy of selective prosecution. He offered no proof that the government had not prosecuted those persons it knew had violated the tax laws. The record reflects vigorous, not selective, prosecution. The fact that tax protestors are prosecuted demonstrates nothing more than a legitimate interest in punishing flagrant violators and deterring others. *Id.* at 527. There will always be some tax evaders and tax protestors who elude prosecution. That fact alone is insufficient to establish selective prosecution.

Finally, Brewer complains he was not given notice of a summons served on his employer for production of the *employer's* records. There was no evidence that the summons was actually served and, in any event, 26 U.S.C. § 7609 is inapplicable to an employer as a third-party recordkeeper. *See United States v. Manchel, Lundy & Lessin*, 477 F.Supp. 326, 328–29 (E.D.Pa. 1979).

AFFIRMED.