[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11066

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 9, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:08-cr-00042-HLM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICKY DEWAYNE FRANCISCO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 9, 2011)

Before BLACK and HULL, Circuit Judges, and HOWARD,* District Judge.

PER CURIAM:

---

\* Honorable Marcia Morales Howard, United States District Judge for the Middle
District of Florida, sitting by designation.

Ricky Dewayne Francisco appeals his convictions for being in actual physical control of a motor vehicle while under the influence of alcohol and for refusing to submit to a subsequent breathalyzer test, in violation of 36 C.F.R. § 4.23(a)(1) and (c)(2).[1]  Because the Government charged Francisco with committing petty offenses by means of a violation notice, he was tried before a magistrate judge.  The magistrate judge imposed a 60-day custodial sentence on each count, to be served concurrently, as well as a $10 special assessment and a $25 processing fee on each count.  Francisco appealed to the district court, which affirmed the decision of the magistrate judge.  Francisco now raises three issues on appeal to this Court.[2]  We address each issue in turn and affirm.

I.

First, Francisco argues his conviction under 36 C.F.R. § 4.23(a)(1) for being in "actual physical control of" a motor vehicle while under the influence of alcohol is *per se* reversible.  He contends the violation notice, as the charging document, was limited to driving under the influence as described by the park

---

[1]  Francisco was also convicted for driving with a suspended license in violation of 36 C.F.R. § 4.2 and O.C.G.A. § 40-5-121.  He does not challenge this conviction on appeal.

[2]  "Review by the district court of a conviction before the magistrate is not a trial de novo but is the same as review by a court of appeals of a decision by a district court." *United States v. Pilati*, No. 09-11978, 2010 WL 5129015, at * 3 (11th Cir. Dec. 17, 2010).  Our review of the magistrate judge's findings is governed by the same standards as was the district court's appellate review. *United States v. Hughes*, 542 F.2d 246, 248 (5th Cir. 1976).

ranger in the "Offense Description." Francisco claims the magistrate judge effectively amended the charging document by concluding Francisco was in "actual physical control of," rather than "operating," a motor vehicle under the influence.

We have held that where a court amends the essential elements of the offense contained in the indictment and broadens the possible bases of conviction, the amendment constitutes *per se* reversible error because it violates the defendant's Fifth Amendment right to be charged by a grand jury indictment. *United States v. Keller*, 916 F.2d 628, 636 (11th Cir. 1990). The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ." U.S. Const. amend. V. Francisco was not charged by a grand jury indictment, however, as Federal Rule of Criminal Procedure 58(b)(1) allows the trial of a "petty offense" to proceed by way of a citation or violation notice as the charging document. Rule 58(b)(1) also permits the trial of a misdemeanor to proceed on an information as the charging document. Thus, the rules governing informations are more instructive in this case.

Where no "infamous" punishment is prescribed, petty offenses and misdemeanors may be prosecuted by information. *See Duke v. United States*, 301

3

U.S. 492, 494–95 (1937). Federal Rule of Criminal Procedure 7(e) governs the amendment of an information and states "[u]nless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict or finding."

Francisco's charging document listed the offense charged as a violation of "36 C.F.R. § 4.23(a)(1)" and alleged facts indicating Francisco both "operated" and was in "actual physical control of" the motor vehicle. Thus, there was no amendment. Alternatively, even assuming *arguendo* an amendment of the violation notice occurred, Francisco was not prejudiced in any way. The violation notice listed his offense of conviction and the "Statement of Probable Cause" generally alleged the facts relied on by the Government to prove "actual physical control." Moreover, Francisco was on notice at trial that he could be convicted for being in "actual physical control," and after the Government rested, Francisco chose not to present any evidence despite multiple opportunities to do so.[3] Accordingly, we affirm Francisco's conviction under § 4.23(a)(1).

---

[3] At trial before the magistrate judge, Francisco rested his case without presenting any evidence. The magistrate held a second day of trial after Francisco asserted he desired to present evidence. Again, Francisco rested without presenting evidence and elected not to file additional post-trial briefs. Francisco had multiple opportunities to present evidence that he was not in "actual physical control" but failed to do so.

II.

Francisco next argues his conviction under 36 C.F.R. § 4.23(c)(2) must be reversed because that section does not create a substantive offense. Specifically, he contends nothing in § 4.23(c)(2) indicates a criminal sanction would be imposed as a consequence for refusing to take a breathalyzer test; rather, the section lists the only possible consequence as potentially admitting proof of refusal in a related judicial proceeding.

Section 4.23(c)(2) is a substantive offense. *See United States v. Brown*, 364 F.3d 1266, 1268–69 (11th Cir. 2004) (affirming a conviction for refusing to submit to testing pursuant to § 4.23(c)(2)). Section 4.23(c)(2) explicitly states an operator "shall submit to one or more tests" and the refusal "to submit to a test is prohibited." 36 C.F.R. § 4.23(c)(2). Section 1.3(b) of the same chapter sets forth a penalty of a fine and/or a maximum of 3 months imprisonment for "[a] person who knowingly and willfully violates any provision of the regulations contained in parts 1 through 5." 36 C.F.R. § 1.3(b). Moreover, the mere fact that § 4.23(c)(2) states an operator's refusal can be admissible in a related judicial proceeding does not change our analysis. Nothing in the statutory scheme indicates § 1.3(b) does not apply to § 4.23(c)(2), and Francisco has not pointed to any case law or other support for concluding § 4.23(c)(2) is not a substantive offense.

5

III.

Finally, Francisco claims the implied consent warning he received at the
Fort Oglethorpe Police Department constituted entrapment-by-estoppel because no
officer informed him his refusal to take the test could result in a separate
prosecution.[4]

"Entrapment-by-estoppel is an affirmative defense that provides a narrow
exception to the general rule that ignorance of the law is no defense." *United
States v. Eaton*, 179 F.3d 1328, 1332 (11th Cir. 1999). The doctrine applies when
"a government official incorrectly informs a defendant that certain conduct is
legal, the defendant believes the government official and is then prosecuted for
acting in conformity" therewith. *United States v. Johnson*, 139 F.3d 1359, 1365
(11th Cir. 1998). We have also held "[t]he defense of entrapment-by-estoppel,
when asserted as a defense to a federal crime, requires reliance on a misstatement

---

[4] Francisco also contends the warning itself violated his due process rights because it affirmatively misled him regarding the consequences of refusal. Because he did not raise this argument before the magistrate judge, we review this claim for plain error only. *See United States v. Williams*, 121 F.3d 615, 618 (11th Cir. 1997). Francisco cannot demonstrate plain error because there is no precedent from the Supreme Court or this Court stating the failure of a law enforcement officer to inform a defendant that a refusal to take a test could result in a separate conviction violates the defendant's due process rights. *See United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006) (noting an error is not "plain" if it "is not clear under current law").

by an official or agent of the federal government." *United States v. Funches*, 135 F.3d 1405, 1407 (11th Cir. 1998).

We reject Francisco's entrapment-by-estoppel argument for multiple reasons, each of which is sufficient. First, Francisco fails to show the Government assured him his conduct was legal. *Johnson*, 139 F.3d at 1365. A review of the record clarifies that the police sergeant read the Georgia implied consent warning, from a card, for suspects age 21 or over.[5] This warning explicitly states, *inter alia*, "Georgia law requires you to submit to state administered chemical tests . . . ." O.C.G.A. § 40-5-67.1(b)(2). Thus, Francisco was warned that a refusal to take the test was in fact illegal under Georgia law. Second, Francisco fails to show he relied on a misstatement by an official or agent of the federal government. *Funches*, 135 F.3d at 1407. The police sergeant who administered the implied consent warning worked for the Fort Oglethorpe Police Department, not the federal government. Third, Francisco submitted no evidence, by affidavit or otherwise, that he relied on the warning administered by the police sergeant or that he would have submitted to the test had he realized he could receive a third

---

[5] Francisco disputes that he received the full implied consent warning because the Government never admitted the document into evidence. Our review of the record establishes that the police sergeant read the Georgia implied consent warning for suspects age 21 or over from a card, which is the procedure set forth in O.C.G.A. § 40-5-67.1(b)(2).

7

citation on top of the other two.  Rather, the evidence establishes Francisco refused to take the test and was behaving in an aggressive and threatening manner.  Accordingly, Francisco cannot assert an entrapment-by-estoppel defense and his conviction under § 4.23(c)(2) stands.

**AFFIRMED.**