**GOWDY v. UNITED STATES.**
**No. 13717.**

United States Court of Appeals, Ninth Circuit.

Oct. 15, 1953.

1. See 58 C.J.S., Mines and Minerals, § 222; Guffey v. Stroud, Tex.Com.App., 16 S.W.2d 527, 64 A.L.R. 730.

Perry B. Woodall, J. Hugh Aaron, Toppenish, Wash., for appellant.

Harvey Erickson, U. S. Atty., Frank Freeman, Asst. U. S. Atty., Spokane, Wash., for appellee.

Before ORR and POPE, Circuit Judges, and JAMES M. CARTER, District Judge.

POPE, Circuit Judge.

An indictment was originally returned charging the appellant with a violation of § 242 of Title 18 U.S.C.A. in that appellant and other named defendants deprived one Andrew Juarez of the rights, privileges and immunities secured to him and protected by the Fourteenth Amendment of the Constitution. The offense charged was a misdemeanor. The appellant was not an officer of the State but was a federal officer. Subsequently there was filed in the same case an information which purported to supersede the indictment. The information charged that Andrew Juarez was deprived of the rights, privileges and immunities secured to him and protected by the Constitution of the United States. It was contended that the grand jury indictment could not thus be superseded and that prosecution could not proceed without a resubmission to the grand jury. It is said that the failure thus to proceed in this case deprived the court of jurisdiction.

Since the offense of which appellant was convicted was a misdemeanor for which he could be prosecuted on an information, Rule 7, Rules Criminal Procedure, 18 U.S.C.A., and since the information charged a different offense than that stated in the indictment, appellant's contention upon this point is without merit for the reasons stated by this court in United States v. Pickard, 9 Cir., 207 F.2d 472.

The appellant also urges that the court erred in admitting certain evidence and that the instructions to the jury were in certain respects improper and erroneous. With respect to those claimed errors, we note that although some of the appellant's codefendants who were acquitted upon the trial interposed objections to the evidence here referred to, the record fails to disclose that this appellant made any objections whatever; furthermore, that prior to the time when any defendant interposed an objection, the same matters had already been testified to without objection. We note also that with respect to claimed errors relating to the admission of evidence and the giving of instructions, there has been a complete disregard of this court's Rule 18(d) which provides that "when the error alleged is to the admission or rejection of evidence, the specification shall quote the grounds urged at the trial for the objection and the full substance of the evidence admitted or rejected. * * * When the error alleged is to the charge of the court, the specification shall set out the part referred to totidem verbis * * * together with the grounds of the objections urged at the trial."

We, of course, may notice a plain error. Rule 52(b), Rules Criminal Procedure. But we find no such error in respect to the admission of evidence or the giving of instructions.

Finally, error is specified in the failure of the court to take the case from the jury. The evidence showed that appellant, after taking Juarez into custody, beat him, and drove him some three miles out of town, still continuing his attack on him. There he was released. No

**732**

complaint was filed charging him with an offense until after appellant met Juarez in the police station where the latter had gone to file a complaint against appellant. We think the sufficiency of the evidence is clear.

The judgment is affirmed.